PEOPLE *ex rel.* FIRST NAT. BANK OF FRANKLINVILLE *et al. v.* BUTTON
*et al.,* Assessors.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. TAXATION OF NATIONAL BANKS—SURPLUS—ASSESSMENT.

Under 13 U. S. St. at Large, p. 112, which provides that the value of the shares of a national bank may be assessed for taxation against the individual shareholders, but not against the bank, where, by reason of an accumulated surplus, the shares of a bank are increased in value, and an assessment is made against the surplus of the bank, which, on objection, is taken from the assessors' rolls, and the amount distributed among the shareholders, the bank has no interest to review the assessment.

2. SAME—ESTOPPEL.

Where an assessment for taxation made against the surplus of a national bank is, at the request of a shareholder, taken from the rolls and distributed among the individual shareholders, he is estopped to deny that such reassessment is illegal.

Appeal from special term, Cattaraugus county.

Proceedings on *certiorari* by the people of the state of New York, on relation of the First National Bank of Franklinville and Jason D. Case, against Charles D. Button and others, assessors of the town of Franklinville, to review an assessment against the property of relators. Order and judgment dismissing the writ. Relators appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. W. Waring,* for appellants. *G. E. Spring,* for respondents.

MACOMBER, J. The writ of *certiorari* in this proceeding was issued on the 11th day of September, 1890, for the purpose of reviewing an alleged erroneous, illegal, and unequal assessment upon the property of the relators, made in the year 1890 by the defendants, who are assessors of the town of Franklinville, in the county of Cattaraugus. The petition for the writ was in proper form to bring up for review every question pertaining to any illegal, erroneous, or unequal assessment made by the assessors in this instance. A return was made to the writ issued upon the petition, which contained denials of certain allegations in the petition, and set forth affirmative matters tending to exonerate the assessors from the charges made against them, and to show that the writ was improperly issued. The relator the First National Bank of Franklinville is a banking corporation organized under the laws of the United States, having a capital stock of 550 shares, of the par value of $100 each, of which stock the relator Jason D. Case owned 75 shares. At the time of the assessment this bank had an accumulated surplus of $22,000. The actual value of each share of stock was $140. Upon the review day the relators appeared by Jason D. Case, for himself and for the bank, and claimed that a certain assessment of $16,000 made against the property of the relators was an overvaluation, whereupon the same was reduced to the sum of $13,-000. The relator Case was asked by the assessors at this time to be sworn touching the value of the shares of stock of the bank, and asked to impart any information possessed by him pertaining to the property of the bank, and of its value, including the value of his own stock in such bank. This he refused to do. Certain other reductions were made in behalf of two alleged stockholders, which it is not necessary to mention in detail, because they have no bearing upon the questions involved in this appeal. It appears that the bank had been compelled to take certain real estate which it had held as security for indebtedness, and this had been reckoned by the assessors as a part of the surplus. When the attention of the assessors was called to the matter, they reduced such assessment of personal property against the bank from $13,000 to $9,500. At the request of the relator, Case, this reduced amount, namely, $9,500, was by the assessors distributed among and assessed upon the individual shareholders of the bank. This request was made, and the action

taken thereunder was had, before the writ in this proceeding was issued or applied for. It appears affirmatively that, before the writ had been granted, the relator Case knew of such reductions, and of such compliance with his wishes and directions. Under the evidence taken before the referee, and returned to the court, there is not left standing for the relators any claim which was set forth in their petition relating to the question of unequal assessments. By section 6, c. 536, Laws 1857, it is provided that, "if any person shall refuse to answer any question as to the value of his real or personal estate or the amount thereof, or present sufficient supplementary evidence under oath to justify a reduction, the assessors shall not reduce the value of such real or personal estate." There is, in the case before us, an entire absence of any evidence upon the branch of the case relating to unequal assessments. The bank, speaking through its cashier and financial officer, Case, claimed that the assessment of the surplus should have been distributed among the stockholders, and not laid upon the corporation. The assessors acted in accordance with this request. No claim is made in behalf of the respondents that the original assessment upon the surplus against the bank was authorized. But it is urged that, inasmuch as the correction was made at the request of the relators, by taking the assessment from the bank and placing it upon the individual shareholders of the stock, the original error was corrected, and that the relators, therefore, have no reason to complain. In this contention we think the counsel is correct. By section 5219 of the federal act, (13 U. S. St. at Large, p. 112,) the valuation of the shares, as personal property, may be made by the assessors against the individual shareholders, though they may not be made against the bank itself. See, also, *Apgar* v. *Hayward*, 110 N. Y. 225, 18 N. E. Rep. 85; *Van Allen* v. *Assessors*, 3 Wall. 573; *Whitney* v. *Thomas*, 23 N. Y. 281; *Bank* v. *City of Elmira*, 53 N. Y. 47; *McLean* v. *Jephson*, 123 N. Y. 142, 25 N. E. Rep. 409; chapter 409, Laws 1882, § 312. In conclusion, it appears to us, therefore—*First*, that the relator the bank has no pecuniary or other interest in this case, for the reason that the erroneous assessment made against its surplus was taken from the rolls of the assessors before the application for the writ was made, and this act was done in pursuance of the objections made to the original assessment by its financial officer; and, *secondly*, that the relator Jason D. Case is estopped to deny that the distribution and reassessment of the surplus capital stock of the bank among the stockholders was unlawful, illegal, or erroneous, for the reason that such distribution was made at his special instance and request. The rights of no other stockholder of the bank are involved in this appeal. It follows, therefore, that the order and judgment appealed from should be affirmed. Judgment and order appealed from affirmed, with costs. All concur.