(71 App. Div. 572.)

PEOPLE ex rel. KOHLER et al. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. TAXATION—ASSESSMENT OF BANK STOCK—REVIEW OF ASSESSMENT—CERTIORARI—JOINT PETITION BY SEVERAL STOCKHOLDERS—SUFFICIENCY.

Though parties similarly situated may join in a single proceeding for reduction of a tax assessment, a petition by a single bank stockholder, purporting to be in behalf of himself and other stockholders, for certiorari to review the decision of the tax commissioners in refusing to reduce the assessment of the stock of such bank, which failed to show any authority in such stockholder, or in any other signer of the petition, to represent the other stockholders, and which also failed to show that the application to the commissioners had been made properly and in due time by all the purported petitioners, or some one duly authorized by them, was fatally defective as a joint petition.

2. SAME—JOINT PETITION—INSUFFICIENT SIGNATURES—EXCUSE FOR LACK OF SIGNATURES—NONRESIDENCE—LIMITATIONS.

The fact that some of the purported petitioners were nonresidents, whose signatures could not be obtained in time to save the petition from being barred by limitations, was insufficient as an excuse for not procuring all the signatures, in the absence of allegations of authority from them to be represented.

3. SAME—ERRONEOUS ASSESSMENT—PARTIES AGGRIEVED—BANK AS A SEPARATE ENTITY—PROCEEDING TO CORRECT ASSESSMENT.

A bank, as an entity separate from its stockholders, is not aggrieved by an erroneous tax assessment of its stock, and cannot, in such separate capacity, maintain proceedings for the correction thereof.

Appeal from special term, New York county.

Certiorari by the people, on relation of Frank K. Kohler and others, against Thomas C. Feitner and others, to recover a tax assessment. From an order quashing the writ, petitioners appeal. Affirmed.

The petition was signed by only one stockholder, purporting to sign for himself and other petitioners; it being alleged that the signatures of the others, on account of absence and nonresidence, could not be procured in time to save the petition from being barred.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles C. Reiley, for appellants.

David Rumsey, for respondents.

PATTERSON, J. This is an appeal from an order quashing a writ of certiorari to review the action of the commissioners of taxes and assessments of the city of New York in assessing, for the purposes of taxation for the year 1899, shares of stock of the Franklin National Bank of the City of New York. The relator's application purports to have been made for himself and a great many other individuals, who were stockholders of the bank. Regarded as an application on behalf of those other individuals, the writ asked for was properly denied. There is nothing whatever in the papers before the court to show any authority on the part of Mr. Kohler to apply to the tax commissioners for a revision of their proceedings, or a determination respecting the value of the shares of stock belonging to those other parties. While it is true that, under existing laws, parties similarly situated may join in applications of this character, there must be something before the court to show that they have actually made themselves parties to the proceedings; and that has in no respect been done in the present case. The petition is not signed by any of the alleged petitioners, except Kohler; nor does it appear that he has been authorized to sign a petition for them; nor is anything disclosed in the petition which would estop any one of them from instituting a proceeding on his own behalf if he were not foreclosed from doing so by the statute of limitations. The case of People v. Coleman, 41 Hun, 307, is not applicable to this case, under the law as it now stands, for the reason that the petition does not show that the application was properly and in due time made to the proper officers by all the petitioners to correct the assessment. The only application made to the commissioners was equally defective with the petition made for the writ in this case. The reason assigned in the petition for not procuring the signatures and verifications of all the petitioners other than Mr. Kohler is entirely insufficient, in the absence of allegations of authority emanating from them to be represented. The application, if it is to be considered as one made on behalf of the bank, was properly denied, for the bank, as a separate institution, is not aggrieved. People v. Wall St. Bank, 39 Hun, 525. Nor was it error to dismiss the writ, regarding it as an application made on behalf of Mr. Kohler individually. As was remarked by the learned justice at special term,

the facts necessary to such an application are not made sufficiently to appear in the papers submitted by him to the court.

The order appealed from should therefore be affirmed, with costs. All concur.