Statement.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## MAIN STREET BANK, INC., V. CITY OF RICHMOND AND OTHERS. ·

### March 21, 1918.

1. TAXATION—*Bank Stock—Erroneous Assessment—Proceeding to Correct by Bank.*—Code of 1904, sections 567 and 571, provide that any person assessed with State and local taxes, who is aggrieved by any such assessment may proceed by motion for the correction of any ·assessment which is erroneous. As under sections 17 to 22 of the revenue law, Code of 1904, appendix, providing for the taxation of bank stock, it clearly appears that the tax is a tax against the individual stockholder and not against the bank, and that the bank, as such, is in no event responsible for the tax unless it has funds of the stockholder in its possession out of which the tax can be paid, the bank cannot proceed under sections 567 and 571, Code of 1904, for relief against an alleged erroneous assessment of State and local taxes upon the stock of the bank, but the remedy of each stockholder, however, is clear under sections 567 to 571, inclusive. This remedy is complete and effective.

Error to a judgment of the Hustings Court of city of Richmond, on a motion to correct an erroneous assessment. Judgment for defendants. Plaintiff assigns error.

·    *Affirmed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the plaintiff in error.

*Attorney-General J. D. Hank, Jr.; Assistant Attorney-General Leon M. Bazile,* and *H. R. Pollard,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

The Main Street Bank, Inc., proceeded under sections 567 and 571 for relief against an alleged erroneous assessment of State and local taxes for the year 1914. The trial court dismissed the motion, and the bank is here complaining.

One controlling question is whether or not the bank can proceed under those sections, and to determine this it is only necessary to refer to the statutes under which the taxes were levied.

Sections 17 to 22, inclusive, of the revenue law, provide for the taxation of bank stock. Under section 17 it is expressly provided that no tax shall be assessed upon the capital of a bank, and that the bank shall annually return to the local commissioner of the revenue a report in which shall be given the names and residences of all of its stockholders, together with the number and actual value of the shares of stock held by each stockholder, for certain deductions of personal debts of individual stockholders from the value of the shares owned by such stockholders and for the adjustment of the credits due to each stockholder by reason of deductions so authorized. Section 18 provides that it shall be the duty of the commissioner of the revenue, when he receives such report to assess each stockholder upon the value of the shares of stock owned by him thus ascertained, and that three assessment lists shall be made out, one of which shall be delivered to the bank, one to the Auditor of Public Accounts, and the other retained by the commissioner; that the assessment list thus delivered to the bank shall be a notice to the bank of the tax assessed against each of its stockholders, and have the legal force and effect of a summons upon suggestion formally issued and regularly served; that the tax assessed upon each stockholder shall be the first lien upon the stock standing in his name and upon the dividends due and to become due thereon, and

have priority over any and all other liens; that the bank shall hold the dividends or other funds belonging to the stockholder, in its custody at the time of the assessment, or which shall thereafter come under its control, for the use of the Commonwealth, and apply such funds to the payment of the tax thus assessed against each stockholder, and that when thus applied the bank shall be acquitted of all liability to the stockholder for the money thus disbursed on his account. Section 19 provides, that the bank shall pay the taxes into the treasury on or before the first day of June of each year. Section 20 provides, that in case the bank fails to pay the tax assessed against its stockholders on or before the date named, then the Auditor of Public Accounts shall transmit to the treasurer of the county or city in which the bank is located a copy of the assessment, and that the treasurer shall collect the taxes thereby assessed and shall levy upon the stock of the taxpayer or so much thereof as is necessary to pay the tax, sell the same at public auction, and give the purchaser a bill of sale therefor. Section 21 provides, that the share or shares of stock so sold shall be transferred to the purchaser, in case of such sale for taxes, and that in case the taxes are not thus collected, they may be collected from the stockholder in default by levy or distress against his property as other State taxes are collected; and section 22 provides for a fine against the bank if it fails to comply with the provisions of the preceding sections. In every section of the law it is thus clearly shown that the tax is a tax against the individual stockholder and not against the bank, and that the bank, as such, is in no event responsible for the tax unless it has funds of the stockholder in its possession out of which such tax can be paid.

Section 567, referring to State taxes, and section 571, referring to levies and local taxes, provide that any person assessed therewith who is aggrieved by any such assessment may proceed by motion for the correction of any as-

sessment which is erroneous.    In this case, no assessment whatever has been or can be made against the Main Street Bank, Inc., and none of its funds is liable for the taxes so specifically assessed against its several stockholders.    As to funds in its possession belonging to the stockholders, the bank has the status of a garnishee by the express terms of the statute, and in making the payments to the tax collecting officers it simply acts as the agent of each of its stockholders.·    That agency, however, is limited by the statute itself.    The bank is an agent for the payment of the debts of its stockholders only to the extent to which it has funds in its possession with which to pay such debts, and its liability therefor is thus limited.    There is no line or suggestion in any of these statutes which justifies a suit or proceeding by the bank for the correction of an error as to taxes so assessed against its stockholders or any of them.    The remedy of each stockholder, however, is clear under sections 567 to 571, inclusive.    This remedy is complete and effective.    Similar statutes exist in other States, and have received a similar construction.    *State Farmers' National Bank* v. *Cook,* 32 N. J. Law, 347; *People* v. *Wall Street Bank,* 39 Hun. (N. Y.) 525; People ex rel. *Kohler* v. *Feitner,* 71 App. Div. 572, 76 N. Y. Supp. 245; *People* v. *Button,* 17 N. Y. Supp. 315.

The error alleged in this case grows out of the report made by the officers of the bank, wherein the gross value of the property of the stockholders thus liable for taxation is stated to be $153,524.89, or over $39 per share, whereas because the bank was carrying its real estate upon its books at an excessive valuation, as well as a large amount of worthless bills receivable which should have been omitted, the gross assets liable for taxation should only have been reported at $93,572.71, or something above $24 per share.

It is unnecessary for us to consider in this case whether or not this error on the part of the officials of the bank can

73

be corrected upon the motion of any stockholder who may be entitled to relief; it is clear that it cannot be corrected upon the motion of the bank under sections 567 and 571, for its property has not been assessed and its funds are in no way involved. *Union Bank* v. *Richmond,* 94 Va. 316, 26 S. E. 821; *Van Allen* v. *Assessors,* 3 Wall. 573, 18 L. Ed. 229; *People, etc.,* v. *Commissioners,* 4 Wall. 244, 18 L. Ed. 345; *First National Bank* v. *Commonwealth,* 9 Wall. 353, 19 L. Ed. 701; *Mercantile Bank* v. *New York,* 121 U. S. 138, 7 Sup. Ct. 826, 30 L. Ed. 895; *Citizens' National Bank* v. *Kentucky,* 217 U. S. 453, 30 Sup. Ct. 535, 54 L. Ed. 836.

*Affirmed.*