Present: Hassell, C.J., Keenan, Koontz, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

CITY OF LYNCHBURG

OPINION BY
v. Record No. 081344        SENIOR JUSTICE CHARLES S. RUSSELL
                            April 17, 2009

ENGLISH CONSTRUCTION COMPANY,
INCORPORATED, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

This appeal involves the power of a city to impose business license taxes on the gross receipts of a contractor, whose principal place of business is within the city, from business done outside the city. The city contends that it is entitled to impose taxes on all the contractor's gross receipts from work done anywhere in the Commonwealth, subject only to the contractor's right to deduct taxes actually paid to other localities on those receipts. The contractor contends that the city has the power to tax only those extraterritorial receipts derived from business done in localities in which the contractor has no definite place of business. This issue arises because some localities, although authorized by law to impose business license taxes on the gross receipts of contractors for work done locally, nevertheless decline to impose such taxes. The city contends that it has the authority to tax such extraterritorial receipts which would otherwise remain untaxed.

The parties filed a written stipulation of facts in the circuit court and agree that the case presents a pure question of law. English Construction Company, Incorporated, and W.C. English, Inc. (collectively, English) are "contractors" as defined by Code § 58.1-3714(D) and have their headquarters and principal offices in the City of Lynchburg (the City). The City has, for many years, assessed business license taxes on the gross receipts of general contractors having their principal offices in the City, including receipts from construction projects in other localities, subject to a deduction for license taxes the contractor has actually paid to other localities on the same receipts.

In 2004, pursuant to an audit of English's records by the City's Commissioner of the Revenue, the City identified gross receipts in excess of $115,000,000 that English had received from work done in localities outside the City in the tax years 2001 through 2004, which had not been reported to the City. English contended that the City was not authorized to tax those receipts, but after some adjustments for taxes paid to other localities, English paid the taxes assessed by the City on the receipts at issue. English maintained a "definite

place of business," as defined by Code § 58.1-3700.1,[1] in each of the localities in which it engaged in the construction projects that generated the disputed receipts, but those localities had imposed no license taxes on them.

English filed, on behalf of the two English corporations, applications for relief from erroneous assessments, pursuant to Code § 58.1-3984, against the City. The parties stipulated the facts and submitted the cases together to the circuit court on cross-motions for summary judgment.[2]

In letter opinions, the court ruled that the City had no statutory authority to assess license taxes on the gross receipts of contractors derived from business done within any Virginia locality outside the City, when the contractor had a definite place of business in such a locality. The court entered summary judgments in favor of the two English corporations, denied the City's motions for summary judgment,

---

[1] " 'Definite place of business' means an office or a location at which occurs a regular and continuous course of dealing for thirty consecutive days or more." Code § 58.1-3700.1. The statutory definition includes rented property and even a person's personal residence in certain circumstances. Id.

[2] Although the parties agreed that the case was appropriate for summary judgment, the City was permitted to present limited evidence concerning the prevailing administrative practices in other Virginia cities and counties relating to the taxation of contractors' extraterritorial gross receipts.

ordered an abatement of the challenged assessments and ordered

a refund of the disputed taxes.  We awarded the City an

appeal.[3]

Analysis

For the purposes of this appeal, it is useful to divide

the categories of contractors' gross receipts affected by the

business license tax statutes into several classifications:

> (1) Receipts from work done within the locality in
> which the principal office is located;
> (2) Receipts from work done in another locality in
> which the contractor has a definite place of
> business but which are not taxed by that other
> locality;
> (3) Receipts from work done in another locality in
> which the contractor has a definite place of
> business and which are taxed by that other locality;
> (4) Receipts amounting to $25,000 or less in any
> year from work done in another locality in which the
> contractor has no definite place of business; and
> (5) Receipts amounting to more than $25,000 in any
> year from work done in another locality in which the
> contractor has no definite place of business.

The controversy between the City and English

involves only receipts of the second class described

above, but consideration must be given to all of them in

order to determine the legislative intent and give the

applicable statutes harmonious effect.

---

[3] By leave of this Court, briefs amici curiae were filed
by the Local Government Attorneys of Virginia, the
Commissioners of the Revenue Association of Virginia, the
Treasurers Association of Virginia and the Virginia Municipal
League, in support of the City, and by the Virginia Chamber of
Commerce, in support of English.

Code § 58.1-3703(A) authorizes the governing bodies of counties, cities and towns to levy local license taxes on "businesses, trades, professions, occupations and callings and upon the persons, firms and corporations engaged therein within the county, city or town." (Emphasis added.) Code § 58.1-3706 imposes limitations upon the tax rates that the localities may levy on the gross receipts of the various businesses subject to such license taxes. Code § 58.1-3703(A) provides that every local ordinance imposing license taxes must include the uniform provisions set forth in Code § 58.1-3703.1. The City's local license tax ordinance contains those uniform provisions.

The provisions of Code § 58.1-3703.1 applicable to the City's appeal are:

**§ 58.1-3703.1.  Uniform ordinance provisions.**

A.  Every ordinance levying a license tax pursuant to this chapter shall include provisions substantially similar to this subsection.  As they apply to license taxes, the provisions required by this section shall override any limitations or requirements in Chapter 39 (§ 58.1-3900 et seq.) of this title to the extent that they are in conflict.

.  .  .  .

3.  Situs of gross receipts.
a.  General rule.  Whenever the tax imposed by this ordinance is measured by gross receipts, the gross receipts included in the taxable measure shall be only those gross receipts attributed to the

5

exercise of a privilege subject to licensure at a definite place of business within this jurisdiction. In the case of activities conducted outside of a definite place of business, such as during a visit to a customer location, the gross receipts shall be attributed to the definite place of business from which such activities are initiated, directed, or controlled. The situs of gross receipts for different classifications of business shall be attributed to one or more definite places of business or offices as follows:

(1) The gross receipts of a contractor shall be attributed to the definite place of business at which his services are performed, or if his services are not performed at any definite place of business, then the definite place of business from which his services are directed or controlled, unless the contractor is subject to the provisions of § 58.1-3715; . . . .

Code § 58.1-3715(A) provides as follows:

**§ 58.1-3715. License requirements for contractors.**

A. When a contractor has paid any local license tax required by the county, city or town in which his principal office and any branch office or offices may be located, no further license or license tax shall be required by any other county, city or town for conducting any such business within the confines of this Commonwealth. However, when the amount of business done by any such contractor in any other county, city or town exceeds the sum of $25,000 in any year, such other county, city or town may require of such contractor a local license, and the amount of business done in such other county, city or town in which a license tax is paid may be deducted by the contractor from the gross revenue reported to the county, city or town in which the principal office or any branch office of the contractor is located.

In harmonizing the foregoing sections, the circuit court

necessarily considered the effect of the last clause of Code

6

§ 58.1-3703.1(A)(3)(a)(1):  "unless the contractor is subject to the provisions of § 58.1-3715."  Citing our decision in Alger v. Commonwealth, 267 Va. 255, 259-60, 590 S.E.2d 563, 565-66 (2004), the court applied the "last antecedent" rule of statutory construction, whereby "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent."  Id.  The "last antecedent" is the immediately preceding word, phrase or clause "that can be made an antecedent without impairing the meaning of the sentence."  Id.

Applying that rule to the "unless" clause, the court held that it applied only to the clause immediately preceding it: "if his services are not performed at any definite place of business, then the definite place of business from which his services are directed or controlled."  Code § 58.1-3703.1(A)(3)(a)(1).  It follows from that holding that the "unless" clause has no effect upon the present case, because it is stipulated that all the gross receipts in issue were derived from English's work done in localities in which it had a definite place of business, and Code § 58.1-3715 would apply only to receipts from localities in which the contractor had no definite place of business.  For the reasons stated below, we agree with the circuit court's reasoning.

The City argues on appeal that this was error, that the "unless" clause qualifies the entire subsection, that Code § 58.1-3715 is a specific statute applicable to contractors that prevails over any general statutory rules, and that it makes no distinctions based upon the existence of a "definite place of business." The City contends that Code § 58.1-3715 permits the contractor only to deduct license taxes actually paid to other jurisdictions. The City further contends that English actually seeks an exemption from taxes on gross receipts derived from work done outside the City and points out that exemption provisions, like deduction provisions, are construed strictly against the taxpayer.

It is true that exemption and deduction provisions are strictly construed against the taxpayer, but those rules only apply when a local governing body has the clear statutory authority to impose a tax in the first place. In Commonwealth v. Carter, 198 Va. 141, 147, 92 S.E.2d 369, 373 (1956), we said that there was a "well-established principle that statutes imposing taxes are to be construed most strongly against the government and are not to be extended beyond the clear import of the language used . . . and the official who seeks to enforce a tax must be able to put his finger on the statute which confers such authority." More recently, we said: "Taxing statutes must be construed strongly in the

8

taxpayer's favor, and will not be extended by implication beyond the clear import of the statutory language." Shelor Motor Co. v. Miller, 261 Va. 473, 478, 544 S.E.2d 345, 348 (2001). Our analysis is guided by those principles.

The statutes applicable to this appeal are contained in Chapter 37 ("License Taxes") of Title 58.1 of the Code of Virginia (§§ 58.1-3700 through -3735). Code § 58.1-3702 provides: "The provisions of this chapter shall be the sole authority for counties, cities and towns for the levying of the license taxes described herein" (emphasis added). As quoted above, the uniform ordinance provisions required by Code § 58.1-3703.1(A)(3) specify as a general rule that the gross receipts to be included in the taxable measure shall be only those attributable to "the exercise of a privilege subject to licensure at a definite place of business within [the City]."

That section goes on to provide:

The situs of gross receipts for different classifications of business shall be attributed to one or more definite places of business or offices as follows:

(1) The gross receipts of a contractor shall be attributed to the definite place of business at which his services are performed.

Code § 58.1-3703.1(A)(3)(a) (emphasis added).

9

Code § 58.1-3715, upon which the City relies, contains no language granting the City authority to levy a tax on gross receipts from services performed by a contractor in other localities in which he has a definite place of business.  The City, however, seeks such authority by implication.  Our holding in Shelor precludes that construction.

It is the duty of the courts to construe statutory enactments so as to avoid repugnance and conflict between them and, if possible, to give force and effect to each of them. Sexton v. Cornett, 271 Va. 251, 257, 623 S.E.2d 898, 901 (2006).  Statutes should be construed as a whole, and the courts should adopt that interpretation that will carry out the legislative intent.  Garrison v. First Federal Sav. & Loan, 241 Va. 335, 340, 402 S.E.2d 25, 28 (1991).  No part of an act should be treated as meaningless unless absolutely necessary.  Id.  The City's interpretation renders meaningless Code § 58.1-3703.1(A)(3)(a)(1) and ignores the clear legislative intent underlying the General Assembly's 1996 revision of the business license tax laws, of which that section is a part.  That revision relies strongly on the importance of a "definite place of business" in determining

10

the taxable situs of gross receipts.  See 1996 Acts chs. 715, 720.[4]

Application of the familiar principles of statutory construction cited above makes clear the propriety of the circuit court's reasoning in applying the "last antecedent" rule when construing Code § 58.1-3703.1(A)(3)(a)(1).  So construed, the applicable statutes operate in harmony and each is given effect.  Thus, a locality may tax a contractor's gross receipts from services performed in that locality if the contractor has a definite place of business there, and no other locality has authority to tax those receipts.  If the contractor's services are performed in a locality in which he has no definite place of business, gross receipts therefrom are attributed to the definite place of business from which the services were directed or controlled.  If, however, the contractor received gross receipts in excess of $25,000 in any year from services performed in a locality in which he has no definite place of business, that locality may tax those receipts despite the lack of a definite place of business there, and the contractor may deduct those receipts from those

_____

[4] The City presented the testimony of two Commissioners of the Revenue of other Virginia jurisdictions, both of whom testified that their practice was to tax the extraterritorial gross receipts of contractors whose principal office was located in their jurisdiction without any regard to whether

11

reported to the locality from which the services were directed or controlled.

Conclusion

Because the circuit court correctly construed and applied the applicable tax laws, we will affirm the judgments from which these appeals were taken.

<u>Affirmed.</u>

---

the contractors had a definite place of business in the locality in which the work was done.