Present:  Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and
Powell, JJ., and Koontz, S.J.

JACQUELINE BOWMAN

                                        OPINION BY
v.  Record No. 102144    SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
                                      March 2, 2012
NICANOR B. CONCEPCION

            FROM THE CIRCUIT COURT OF WISE COUNTY
                    John C. Kilgore, Judge


     In this appeal, we consider whether the requirement for a

plaintiff to obtain service of process on a defendant within

twelve months of filing an action, Code § 8.01-275.1 and Rule

3:5(e), was subject to extension by the circuit court for

"good cause."  We further consider whether the court correctly

determined that the plaintiff's failure to obtain service on

the defendant within twelve months from the filing of the

complaint resulted from a lack of due diligence on her part.

                           BACKGROUND

     The relevant facts of this case are not in dispute.  In a

complaint timely filed on February 5, 2009 in the Circuit

Court of Wise County, Jacqueline Bowman alleged that Nicanor

B. Concepcion, M.D. committed medical malpractice during his

treatment of her beginning on October 16, 2006.  Bowman

alleged that she first learned of Dr. Concepcion's failure to

diagnose and properly treat her medical condition when she

"received a second opinion from Dr. Felix E. Shepard on February 21, 2008."

On February 5, 2010, Bowman filed a motion in the circuit court in which she asserted that "[i]t has now been 12 months since the complaint was filed . . . and plaintiff has not been successful in obtaining service of process on the defendant in this matter."  Bowman asked the court to "find that she has shown good cause for lack of service of process on the defendant within the statutory 12 month period; that said lack of service is not prejudicial to the defendant; and that the court grant her an extension to serve the defendant until July 1, 2010."  Following an ex parte hearing on the day the motion was filed, the court entered an order granting the extension, finding "that the plaintiff has shown good cause as to why the defendant has not been served in this matter within the 12 month period provided for by statute" and allowed "an extension of time" to July 1, 2010 in which to obtain service upon the defendant.[1]  Thereafter, Bowman obtained service of process of the complaint on Dr. Concepcion on March 30, 2010.

---

[1] This order was entered by Judge Joseph R. Carico.  No record of the ex parte proceeding is available; however, as will be discussed infra, in subsequent proceedings Bowman averred as to the nature of the argument that was presented to the court.

On April 1, 2010, Dr. Concepcion filed a motion to dismiss the complaint on the ground that Bowman had not obtained service of process on him within twelve months of filing the complaint and could not show that she had exercised due diligence in attempting to obtain service on him. The motion was supported by an affidavit in which Dr. Concepcion averred that he had been living and working in Wise County or the City of Norton during the period in which the complaint had been pending, that he had been available for service of process at his home or office except for brief intervals when he was travelling, and that he was not aware of any effort to serve process on him during the twelve months following the filing of the complaint on February 5, 2009.

Dr. Concepcion filed a memorandum in support of the motion to dismiss in which he addressed the February 5, 2010 order purporting to grant Bowman an extension of time to obtain service of process. Dr. Concepcion contended that the February 5, 2010 order was void because the court did not have personal jurisdiction over him at the time it was entered. He further contended that if this order was merely voidable, rather than void, it nevertheless should be set aside because the court applied the wrong standard in determining that Bowman's failure to obtain service of process on him was excusable. Dr. Concepcion contended that "good cause" as

3

referenced in the order was a less rigorous standard than "due diligence," which he maintained was the correct standard under Code § 8.01-275.1 and Rule 3:5(e).

Finally, Dr. Concepcion contended that Bowman subsequently could not be allowed to claim that her failure to obtain service of process on him was not the result of a lack of due diligence because the record showed that no effort was made to obtain service of process until after the order granting the extension was entered. To the contrary, he maintained that the record affirmatively showed that Bowman "d[id] not wish to have the complaint served" when it was filed and did not request service of process at any time during the next twelve months.

Bowman filed a memorandum in response to Dr. Concepcion's motion to dismiss. Therein, for the first time on the record she asserted that the complaint had been filed "on February 5, 2009 to protect her rights and toll the running of the statute of limitations." She further asserted that after filing the complaint, her "counsel diligently sought after an expert to review the medical records . . . and provide the written certification required in a medical malpractice case" by Code § 8.01-20.1, without which she could not request service of process on Dr. Concepcion. Bowman contended that in the ex parte proceeding on February 5, 2010, her counsel represented

4

this circumstance to the circuit court as the basis for seeking the extension of time to obtain service of process on Dr. Concepcion, which "obviously the [c]ourt[] believed qualified as 'Due Diligence'" as subsumed within a "good cause" standard.

Bowman further contended that the February 5, 2010 order was not void because it was not necessary for the court to have personal jurisdiction over Dr. Concepcion before extending the time to obtain service of process on him. Finally, Bowman contended that even if the February 5, 2010 order did not validly extend the time for obtaining service of process on Dr. Concepcion, the court nonetheless should find that she exercised due diligence in obtaining service of process once the expert opinion required by Code § 8.01-20.1 had been obtained.[2]

Following oral argument by the parties, the circuit court issued a memorandum opinion dated August 5, 2010. The court first concluded that the February 5, 2010 order was "void." The court reasoned that in entering the order, the judge "did not address whether due diligence to obtain service as late as

---

[2] Bowman also contended that Dr. Concepcion had made a general appearance in the case and, thus, waived any objection to a defect in the service of process. The circuit court rejected this argument, and we refused Bowman's assignment of error addressing this aspect of the court's judgment.

March 30, 2010, could be justified, rather the court legislated that the time for obtaining service in this case would not be one year as otherwise required by law." Because "[n]o such statutory authority exists" that would permit the court to grant such an extension, especially in an ex parte proceeding, the court determined that Bowman could not rely upon the order to validate her untimely service of process on Dr. Concepcion.

The circuit court then opined that the due diligence requirement of Code § 8.01-275.1 and Rule 3:5(e) means "diligence to have a defendant served in a manner provided by law. It does not mean diligence in obtaining a medical report to satisfy the requirements of Code § 8.01-20.1." The court expressly found that "[s]ervice upon the defendant was not requested" within the twelve months following the filing of the complaint "because plaintiff's counsel did not at that time have in hand a written report as required by Code § 8.01-20.1." Nonetheless, because Dr. Concepcion "was easily accessible for service of process at most any time during the one year following the filing of this suit," the court determined that Bowman had not exercised due diligence in having the complaint served on him.

By an order dated August 13, 2010, the circuit court entered final judgment granting Dr. Concepcion's motion to

6

dismiss Bowman's complaint with prejudice.[3]  We awarded Bowman

an appeal from this judgment limited to the following

assignments of error:

> 1. The trial court erred in ruling that the Order
> entered on February 5, 2010, extending the period of
> time to perfect service of process on defendant was
> null and void.

> 3. The trial court erred in ruling that Plaintiff
> had not exercised due diligence in this case.

### DISCUSSION

We begin our analysis with the principal statutory

provisions and our Rule 3:5(e) as invoked by the particular

circumstances of this medical malpractice case.  These

provisions establish the procedural framework from which the

parties make their various contentions in this appeal.

In pertinent part, Code § 8.01-20.1 provides that in any

case in which a pleading alleges an act of medical malpractice

which requires the opinion of a qualified expert witness, when

> the plaintiff requests service of process upon a
> defendant, or requests a defendant to accept
> service of process, [that request] shall be deemed
> a certification that the plaintiff has obtained
> from an expert witness whom the plaintiff
> reasonably believes would qualify as an expert
> witness pursuant to subsection A of § 8.01-581.20 a
> written opinion signed by the expert witness that,
> based upon a reasonable understanding of the facts,
> the defendant for whom service of process has been

---

[3] Judge Designate Charles B. Flannagan II issued the August 5, 2010 memorandum opinion in this case.  Judge Kilgore entered the August 13, 2010 final order.

7

requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

This statute further provides that "[i]f the plaintiff did not obtain a necessary certifying expert witness at the time the plaintiff requested service of process on a defendant as required under this section, the court shall impose sanctions according to the provisions of § 8.01-271.1 and may dismiss the case with prejudice."  (Emphasis added.)

Code § 8.01-275.1 provides that "[s]ervice of process in an action or suit within twelve months of commencement of the action or suit against the defendant shall be timely as to that defendant.  Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant."

Rule 3:5(e) provides that "[n]o order, judgment or decree shall be entered against a defendant who was served with process more than one year after institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant."

In pertinent part, Code § 8.01-277(B) provides that:

> A person, upon whom process has not been served
> within one year of commencement of the action
> against him, may make a special appearance, which
> does not constitute a general appearance, to file a
> motion to dismiss.  Upon finding that the plaintiff
> did not exercise due diligence to have timely
> service and sustaining the motion to dismiss, the
> court shall dismiss the action with prejudice. . . .
> <u>Nothing herein shall prevent the plaintiff from
> filing a nonsuit under Code § 8.01-380 before the
> entry of an order granting a motion to dismiss</u>
> pursuant to the provisions of this section.

(Emphasis added.)

Guided by these procedural requirements, we turn now to Bowman's first assignment of error in which she asserts that the circuit court erred in ruling that the February 5, 2010 order purporting to extend the twelve-month period of time from the filing of the complaint on February 5, 2009 to July 1, 2010 to obtain service of process on Dr. Concepcion was void.  On appeal, the parties essentially repeat the assertions made in the circuit court.

The thrust of Bowman's assertion regarding the validity of the February 5, 2010 order is that she had made a good faith attempt to comply with the requirement of Code § 8.01-20.1 before requesting service of process on Dr. Concepcion and this order resulted in no prejudice to him and merely removed the application of the twelve month requirements of both Code § 8.01-275.1 and Rule 3:5(e) for timely service of process on Dr. Concepcion.  The thrust of Dr. Concepcion's

9

assertions on this issue is that the February 5, 2010 order was void because the court lacked personal jurisdiction over him and he was prejudiced because absent an extension of time to obtain service of process on him within the time requirements of Code § 8.01-275.1 and Rule 3:5(e), he would have been entitled to a dismissal of Bowman's complaint against him.

There is no dispute in this case that the alleged acts of malpractice occurred within the geographical jurisdiction of the circuit court and that Bowman's complaint was timely filed in that court. Moreover, it is clear that the court upon the filing of the complaint had subject matter jurisdiction over the case. Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). While it is true that absent service of process of the complaint upon Dr. Concepcion the court lacked personal jurisdiction over him, the February 5, 2010 order was not void but rather at best voidable. Both Code § 8.01-275.1 and Rule 3:5(e) expressly permit, after service of process, the court to find that service of process beyond the prescribed time period of twelve months may be allowed if the plaintiff can demonstrate "due diligence" in attempting to obtain service of process on the defendant. See Gilpin v. Joyce, 257 Va. 579, 582-83, 515 S.E.2d 124, 126 (1999); see also Code § 8.01-335(D)(providing that a case "wherein process

10

has not been served within one year" will not be struck from the docket if the plaintiff can show "that due diligence has been exercised to have service timely effected on the defendant.")

We agree with the circuit court that no statutory authority exists that would permit a court to grant prospectively an extension of time beyond one year from commencement of an action for service of process on a defendant. However, this observation by the circuit court misses the point in this case. In the February 5, 2010 order, the court did not specifically address whether the plaintiff had exercised due diligence to obtain service of process of the complaint on Dr. Concepcion and there was no pending motion to dismiss filed by him pursuant to Code § 8.01-277(B) raising the due diligence issue. Thus, the case remained on the court's docket and was subject to the filing of a motion to dismiss by the defendant at a later time. In this procedural posture of the case the February 5, 2010 order purported to grant an extension of time for obtaining service of process on the defendant without a proper determination of the due diligence issue. Therefore, the order was erroneous and simply did not resolve the present contentions of the parties. Indeed, both parties conceded during oral argument of this appeal that even if the February 5, 2010 order was

properly set aside, Bowman could still prevail in this appeal if the circuit court erred in finding, pursuant to Dr. Concepcion's motion to dismiss, that she failed to demonstrate due diligence in attempting to obtain timely service of process of her complaint on Dr. Concepcion.  For these reasons, we hold that even though the circuit court erred in ruling that the February 5, 2010 order was void, it did not err in setting aside the February 5, 2010 order and requiring Bowman to demonstrate that she exercised due diligence in attempting to obtain service of process on Dr. Concepcion.

Accordingly, we now turn to Bowman's other assignment of error asserting that the circuit court erred in finding that she had not shown due diligence in her efforts to obtain timely service of process of her complaint on Dr. Concepcion. Unlike the procedural posture of the case at the time of the entry of the February 5, 2010 order, the issue of due diligence was before the circuit court pursuant to Dr. Concepcion's April 1, 2010 motion to dismiss following service of process on him on March 30, 2010.

Bowman contends that, as applied by the circuit court in this case, there is a conflict between Code § 8.01-20.1 and Code § 8.01-275.1.  Bowman maintains that the conflict arises because under the circuit court's interpretation of these statutes a plaintiff may not serve a defendant in a medical

12

malpractice action without the necessary expert opinion required by Code § 8.01-20.1, but is nonetheless required to obtain service of process on the defendant within twelve months of filing the action as required by Code § 8.01-275.1, even if the plaintiff has not yet obtained the expert opinion. Bowman contends that to harmonize these two statutes, we must conclude that the due diligence requirement of Code § 8.01-275.1 can be satisfied if the plaintiff in a medical malpractice action demonstrates due diligence in the effort to obtain the Code § 8.01-20.1 expert opinion. Bowman does not dispute that she readily could have obtained service of process on Dr. Concepcion without any hindrance by him at almost any time during the twelve months following the filing of her complaint. She relies solely on her unsuccessful efforts to obtain the Code § 8.01-20.1 opinion during that time as the basis for asserting that she exercised due diligence in attempting service on Dr. Concepcion.[4]

"[W]e construe statutes as a consistent and harmonious whole to give effect to the overall statutory scheme." Ott v. Monroe, 282 Va. 403, 407, 719 S.E.2d 309, 311 (2011) (citing

---

[4] The circuit court did not make an express finding as to whether Bowman's counsel's efforts to obtain the Code § 8.01-20.1 opinion were sufficiently diligent. For purposes of our analysis, we will assume, without deciding, that the failure to obtain the expert statement was not for lack of an appropriate effort on counsel's part.

*Virginia Electric & Power Co. v. Board of County Supervisors*, 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983)). Thus, we will construe statutes that address the same general subject "so as to avoid repugnance and conflict between them and, if possible, to give force and effect to each of them." *City of Lynchburg v. English Constr. Co.*, 277 Va. 574, 584, 675 S.E.2d 197, 202 (2009); see also *Evans v. Evans*, 280 Va. 76, 84-85, 695 S.E.2d 173, 177 (2010); *Sexton v. Cornett*, 271 Va. 251, 257, 623 S.E.2d 898, 901 (2006)

The purpose and intent of Code § 8.01-275.1, and its procedural complement in Rule 3:5(e), "is to provide for timely prosecution of lawsuits and to avoid abuse of the judicial system." *Gilbreath v. Brewster*, 250 Va. 436, 441, 463 S.E.2d 836, 838 (1995). Code § 8.01-20.1 serves a similar purpose specifically for medical malpractice actions, in that it seeks to avoid delay in the prosecution of an action which requires the plaintiff to provide expert testimony concerning the standard of care, as well as to interdict the prosecution of frivolous suits where no expert can be found to support the plaintiff's contention.

There is no conflict in the complementary purposes of these statutes in that each expedites the prosecution of actions while discouraging abuse of the judicial system. These purposes would not be served if, as Bowman urges, Code

14

§ 8.01-20.1 were applied effectively to toll the application of Code § 8.01-275.1. If a plaintiff could avoid the operation of the latter statute by showing that the delay in having the defendant served with process resulted solely from the inability to meet the requirements of the former despite a diligent but unsuccessful effort to find an expert willing to support the plaintiff's claim, the time for obtaining service on a defendant in a medical malpractice action might be extended indefinitely.

Moreover, we are of opinion that the effort expended by the plaintiff to obtain the Code § 8.01-20.1 expert opinion does not constitute part of the due diligence effort to obtain service of process on the defendant expressly required under Code § 8.01-275.1. Otherwise, a plaintiff would have a virtually unlimited time to acquire the Code § 8.01-20.1 opinion as long as the effort to obtain it was being pursued with "due diligence," a standard that does not appear in that statute. We do not believe that the legislature could have intended such a result, which effectively defeats the purposes of both Code § 8.01-20.1 and § 8.01-275.1, as statutes " 'should never be construed in a way that leads to absurd results.' " Bank of the Commonwealth v. Hudspeth, 282 Va. 216, 221, 714 S.E.2d 566, 569 (2011) (quoting Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)).

15

As we have already noted, Bowman does not contend that there would have been any hindrance on her effort to have process served upon Dr. Concepcion during the twelve months following the filing of her complaint had she attempted it, but only that she did not request service on him because she had not yet satisfied the requirement of Code § 8.01-20.1. In that circumstance, she was not without a procedural remedy to resolve her asserted dilemma. Rather, as permitted by Code § 8.01-277(B), she could have taken a nonsuit as a matter of right pursuant to Code § 8.01-380 and refiled her complaint in accord with the provisions of Code § 8.01-229(E)(3). Accordingly, we hold that the circuit court did not err in finding that Bowman had not shown that she exercised due diligence in seeking to obtain service of process upon Dr. Concepcion within twelve months of the filing of her complaint.

## CONCLUSION

For these reasons, we will affirm the judgment of the circuit court dismissing the complaint with prejudice for Bowman's failure to obtain service of process on Dr. Concepcion within twelve months after filing her complaint.

<u>Affirmed</u>.

JUSTICE POWELL, concurring.

16

I agree with the majority's conclusion that a plaintiff's attempts to find an expert to render an opinion under Code § 8.01-20.1 do not establish due diligence to satisfy the requirements of Code § 8.01-275.1.  I also agree with the ultimate holding of the case.  I respectfully disagree, however, with that portion of the majority's discussion suggesting that the February 5, 2010, order was not void, and I would affirm the judgment based, in part, on the fact that the extension of time order was null and void ab initio.

The majority states that

[w]e agree with the circuit court that no statutory authority exists that would permit a court to grant an extension of time beyond one year from commencement of an action for service of process on a defendant.  However, this observation by the circuit court misses the point in this case.

In my opinion, this is the point in this case.  Code § 8.01-275.1 states:

Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

Clearly, the time limit for serving process under Code § 8.01-275.1 is purely statutory.  Therefore, any authority the

17

circuit court had to extend the time period must, of necessity, derive from the statute. As the majority correctly states, no such statutory authority exists.

> The distinction between an action of the court that is void ab initio rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error. An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could "not lawfully adopt." The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."

Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (citations and footnote omitted). Therefore, the February 5, 2010, order is void because a circuit court lacks the authority to extend the time in which the plaintiff must serve the defendant, as opposed to later finding upon consideration of defendant's motion to dismiss that the plaintiff exercised due diligence even though service of process was not accomplished within one year.

Therefore, I concur in the disposition of the judgment below, but I would stress that under our precedent the circuit

18

court was correct in ruling that the February 5, 2010, order was void.