PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and Powell, JJ., and Russell, S.J.

GENEVA LAWSON MCKINNEY, ADMINISTRATOR OF
THE ESTATE OF GENE L. McKINNEY, DECEASED

OPINION BY
v.  Record No. 111869      SENIOR JUSTICE CHARLES S. RUSSELL
September 14, 2012
VIRGINIA SURGICAL ASSOCIATES, P.C.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

This appeal involves interpretation of the tolling provisions of Code § 8.01-229(E)(3), as it affects the running of the statute of limitations after a nonsuit. The circuit court decided the case on the pleadings and the facts are stated as set forth therein and in a written statement of facts signed by the trial judge pursuant to Rule 5:11(e).

Facts and Proceedings

On July 3, 2007, Gene L. McKinney (the decedent) was taken by ambulance to a hospital emergency room. He was treated by physicians who were employees and agents of Virginia Surgical Associates, P.C. (the defendant). The defendant performed abdominal surgery and continuing care through August 6, 2007.

On July 21, 2009, the decedent filed a civil action for medical malpractice against the defendant in the Circuit Court

of the City of Richmond.[1]  On March 19, 2010, decedent's counsel filed a suggestion of death, reporting that the decedent had died on February 24, 2010.  The decedent's widow, Geneva Lawson McKinney, (the plaintiff) having qualified as administrator of the decedent's estate in Henrico County, moved to be substituted as plaintiff and for leave to file an amended complaint, converting the pending personal injury action to an action for wrongful death.  The court granted both motions and ordered her amended complaint filed on May 7, 2010.

After further discovery, the plaintiff concluded that there was insufficient evidence to prove that the defendant's negligence was the cause of the decedent's death.  She took a voluntary nonsuit of her wrongful death action on January 19, 2011.

On March 10, 2011, the plaintiff filed in the same court, against the same defendant, the present action for personal injuries suffered by the decedent arising out of the same alleged negligence, as a survival action pursuant to Code § 8.01-25.  The plaintiff's survival action was therefore filed more than two years after the defendant's alleged negligence occurred, but less than six months after the plaintiff's nonsuit

---

[1] The complaint also named Gastrointestinal Specialists, Inc. as a defendant but later nonsuited that party.

of her action for wrongful death.  The defendant filed a plea in bar, asserting the two-year statute of limitations applicable to actions for personal injury prescribed by Code § 8.01-243(A). The court heard the plea on briefs and arguments of counsel, sustained the plea and dismissed the case.  We awarded the plaintiff an appeal.

## Analysis

This appeal presents a pure question of law involving the interpretation of a statute.  We review such questions de novo. Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010).

Code § 8.01-25 abolished the ancient common-law rule that personal actions die with the plaintiff by providing that every cause of action shall survive the death of either party.  If the plaintiff dies as a result of the injury for which the action is pending, the pending action must be amended to become an action for wrongful death pursuant to Code § 8.01-56.  In those circumstances, the wrongful death action is the plaintiff's sole remedy.  Centra Health, Inc. v. Mullins, 277 Va. 59, 77, 670 S.E.2d 708, 717 (2009).

If, on the other hand, the plaintiff dies as a result of a cause other than the injury for which he sued during his lifetime, the pending action survives by virtue of Code § 8.01-25 and may be carried on by his personal representative.  In that situation the personal representative may recover such

3

damages as the deceased plaintiff would have been entitled to recover, except punitive damages.

Code § 8.01-229(E)(3), upon which both parties rely, provides:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

This section must be read together with Code § 8.01-380, the nonsuit statute to which it refers and with which it is in pari materia. See e.g., E.C. v. Virginia Dep't of Juvenile Justice, 283 Va. 522, 537, 722 S.E.2d 820, 835 (2012) ("It is a cardinal rule of statutory construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished.") (quoting Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007), and Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 7 (1957)). Subsection A of that statute provides that after a nonsuit, "no new proceeding on the same cause of action

4

or against the same party shall be had in any court other than that in which the nonsuit was taken."  Subsection B provides that a plaintiff may take one nonsuit as a matter of right "to a cause of action or against the same party to the proceeding." Subsection D provides that after a counterclaim has been filed, a party "shall not be allowed to nonsuit a cause of action without the consent of the adverse party."  (Emphasis added.)

Statutes dealing with the same subject matter must be read together so as to adhere to the legislative intent underlying them and to permit them to operate together without conflict. City of Lynchburg v. English Constr. Co., 277 Va. 574, 584, 675 S.E.2d 197, 202 (2009).  Application of that principle makes it clear that the terms "such action" and "his action," as used in Code § 8.01-229(E)(3), refer to the same subject as that of Code § 8.01-380 and are intended to mean "cause of action." Therefore, if the plaintiff's survival action arose out of the same cause of action as her nonsuited wrongful death action, it is entitled to the benefit of the tolling provision of Code § 8.01-229(E)(3) and is timely because it was filed within six months after the nonsuit.  If it arose out of a different cause of action, it was barred by the two-year statute of limitations for personal injury claims.

A "cause of action" is the set of operative facts which, under the substantive law, gives rise to a "right of action."

5

Roller v. Basic Constr. Co., 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989). "Cause of action" and "right of action" are not synonymous. A "right of action" cannot arise until a cause of action exists because a right of action is a remedial right to presently enforce an existing cause of action. Van Dam v. Gay, 280 Va. 457, 460, 699 S.E.2d 480, 481 (2010).

In the context of the present case, the cause of action was the defendant's alleged medical malpractice resulting in injury to the decedent. From this cause of action, two rights of action arose: (1) the decedent's right to bring an action for personal injury during his lifetime, which survived to be carried on by his personal representative after his death, and (2) the personal representative's right to bring an action for wrongful death.[2]

The circuit court erred in holding that the "survival action is a different cause of action than the wrongful death action" and that it was therefore not saved by the tolling provision of Code § 8.01-229(E)(3). There was a single cause of action. A right of action to enforce it was timely if brought

---

[2] Although the defendant argued otherwise in the circuit court, on appeal it agrees with this analysis, but relies on defenses of waiver, election of remedies, and failure to preserve a right to bring a survival action. We find no merit in these contentions.

within six months after entry of the order granting the nonsuit. The plaintiff filed the present action within that period.

Conclusion

For the reasons stated, we will reverse the judgment of the circuit court and remand the case to that court for further proceedings consistent with this opinion.

Reversed and remanded.