# Richmond.

## TOWN OF LEESBURG, VIRGINIA, v. LOUDOUN NATIONAL BANK

AND

## BOARD OF SUPERVISORS OF LOUDOUN COUNTY, VIRGINIA, v. LOUDOUN NATIONAL BANK.

January 15, 1925.

1. TAXATION—*Correction of Assessment—Expiration of Statutory Period—Pleading Limitation.*—Code of 1919, section 2389, requires that application for redress of an erroneous assessment must be made to the court within two years from the first day of September of the year in which the assessment was made. Therefore where the application is not made within the statutory period the court is clearly without jurisdiction to correct the assessment. The limitation need not be specially pleaded. The remedy, because it is based solely upon the statute, is also limited thereby.

2. LIMITATION OF ACTIONS—*Limitations of Time Integral Part of Statute—Pleading Limitation.*—Where the very right itself is accorded by a statute and the statute is relied on, and the proceeding can be maintained only in accordance therewith, the limitation of time thereby prescribed is so incorporated in the remedy given as to make it an integral part of it, and hence makes it a condition precedent to the maintenance of the proceeding. It is a special limitation prescribed by the same statute which creates the right. The distinction between statutes of limitation which bar rights which have once accrued and limitations of time which are an integral part of the statute creating the right is everywhere recognized.

3. APPEAL AND ERROR—*Jurisdiction—Point Raised for the First Time on Appeal.*—Where it was alleged in a proceeding to correct an erroneous assessment of taxes that the lower court had no jurisdiction to grant the relief because the application for relief had not been made within the statutory period, the question being jurisdictional, may be raised for the first time on appeal.

4. TAXATION—*Correction of Erroneous Assessment—Limitation of Actions—Notice of Intention to Apply for Correction.*—Where an application to correct an erroneous assessment of taxes was not made within the two years allowed by section 2389 of the Code of 1919, the fact that notice of the purpose to apply for such correction was given within two years is immaterial. The application must be actually made, and made directly to the court within two years from September 1st of the year in which the assessment was made. The mere fact that the courts are not continuously in session does not affect the question.

5. TAXATION—*Correction of Erroneous Assessment—Parties Plaintiff—Bank or Stockholders.*—An application for the correction of an erroneous assessment of bank stock was made by the bank as applicant, or petitioner, and not by the several stockholders. As under the sections of the revenue law providing for the taxation of bank stock it clearly appears that the tax is specifically a tax assessed against the individual stockholders severally and not against the bank, and that the bank is not responsible for the tax unless it has funds of the stockholder in its possession out of which such tax can be paid, therefore the bank cannot itself proceed under the statute providing for relief against alleged erroneous assessments because it has no legal interest in the fund; but the remedy of each stockholder is clear, complete, and effective under these statutes.

6. TAXATION—*Stock in National Bank—Proof that Stock was Taxed at Greater Rate than Other Competitive Capital.*—In a proceeding to correct an erroneous assessment of stock in a National Bank, a failure to show clearly that the rate of taxation imposed violated U. S. Rev. Stat. section 5219 (Comp. St. U. S. section 9784), in that the stock was taxed at a greater rate than was assessed upon other competitive moneyed capital in the hands of individual citizens, is fatal to the application for correction.

7. TAXATION—*Correction of Erroneous Assessment—Appeal and Error—County or Board of Supervisors as Appellant.*—In a proceeding for the correction of an erroneous assessment of taxes, where judgment is in favor of the applicant, the county in its own name may appeal, or the appeal may be taken in the name of the Board of Supervisors of the county.

8. TAXATION—*Correction of Erroneous Assessment—Party Defendant.*—The statutory proceeding for the correction of erroneous assessments does not in terms provide for naming any party defendant. Notice must be given to the attorney for the Commonwealth and the commissioner of the revenue must be examined as a witness, but neither of these are parties in interest. The true parties to the proceeding under this section are either the county or the municipality for the use of which the specific levy is made.

Error to judgments of the Circuit Court of Loudoun county in proceedings to correct erroneous assessments. Judgment for plaintiff in each case, the town and the board of supervisors of the county assign error.

*Reversed.*

The opinion states the case.

*Wilbur C. Hall, C. F. Harrison,* and *Cecil Connor,* for the plaintiff in error.

*Edward Nichols, E. E. Garrett,* and *Fulton & Wicker,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

These cases were argued together and with one exception, to be hereinafter noted, the questions raised in each are identical. They involve the validity of taxes imposed by the town and county upon the stockholders of the bank. The proceedings were under statutes, authorizing the correction of erroneous assessments and levies of local taxes. The taxes involved were for the years 1919 and 1921.

[1, 2] 1. The first error assigned is that the court was clearly without jurisdiction to correct the assessment for the year 1919. This because that statute, Code section 2389, requires that the application for such redress must be made to the court within two years from the first day of September of the year in which the assessment is made, and this was not done.

The statement of this proposition is sufficient to show that the point is well taken. It does not present the cases where the limitation if relied on must be specially pleaded. The remedy, because it is based solely upon

the statute, is also limited thereby. As is said in *Commonwealth* v. *Deford,* 137 Va. 551, 120 S. E. 281, 284. "The very right itself is accorded by the statute. As that statute is relied on, and the proceeding can be maintained only in accordance therewith, the limitation of time thereby prescribed is so incorporated in the remedy given as to make it an integral part of it, and hence makes it a condition precedent to the maintenance of the proceeding. It is a special limitation prescribed by the same statute which creates the right. The distinction between statutes of limitation which bar rights, which have once accrued, and limitations of time which are an integral part of the statute creating the right, is everywhere recognized, and as to this it is only necessary to cite one other Virginia case, *Dowell* v. *Cox,* 108 Va. 460, 62 S. E. 272, where it is held that the statutory requirement that an action for wrongful killing shall be brought within one year affects the right as well as the remedy and can therefore be availed of by demurrer."

[3] The court, then, had no jurisdiction to grant relief as to the taxes for the year 1919; and this being jurisdictional, the question may be raised for the first time in this court.

[4] It is urged for the bank that the notice of the purpose to apply for such correction was given within the two years. This we regard as entirely immaterial. The same question was presented to and considered by this court in *Moore* v. *Henrico County,* in which a writ of error was denied, and in *Moore* v. *Scott, Judge,* in which a mandamus was refused.

We think the language of the statute is conclusive on this point and that the application must be actually made, and made directly to the court, within two years from September 1st of the year in which the assessment

was made. The mere fact that the courts are not continuously in session does not affect the question. The application must be made to the court, which can of necessity only be to the court while in session, and it can only be made during the period prescribed by the statute. This is true because the statute so provides in language so clear that its meaning cannot be fairly doubted.

[5] 2. The court also required the taxes assessed for the year 1920 to be refunded, and it is claimed that the court erred in this also, because the application was made by the bank as applicant or petitioner, and not by the several stockholders as tax payers who, and who only, were aggrieved if the taxes were illegal.

The question thus raised appears to be definitely settled in favor of this contention by *Main Street Bank* v. *Richmond*, 122 Va. 574, 95 S. E. 386. We think it unnecessary to do more than to state the substance of that ruling and to repeat that it is amply supported, as we believe, by reason as well as by the decisions of many courts; and that so far as we are advised no court has ever expressed a contrary opinion as to the remedy afforded by similar statutes. That conclusion may be thus stated: As under the sections of the revenue law providing for the taxation of bank stock it clearly appears that the tax is specifically a tax assessed against the individual stockholders severally and not against the bank, and that the bank is not responsible for the tax unless it has funds of the stockholder in its possession out of which such tax can be paid, therefore the bank cannot itself proceed under the statute providing for relief against alleged erroneous assessments because it has no legal interest in the fund; but the remedy of each stockholder is clear, complete and effective under these statutes.

In both of these cases the application is made in the name of the bank, as applicant or petitioner, and the judgments are both in its favor. The application should have been dismissed by the trial court for this reason.

[6] 3. Another error assigned is that even if the procedure were in every respect correct, there is no allegation or proof which supports the judgment. The claim of the bank is that it is entitled to the same relief accorded by the Supreme Court of the United States in *Merchants National Bank* v. *City of Richmond*, 256 U. S. 635, 41 S. Ct. 619, 65 L. Ed. 1135. The stockholders were parties to that proceeding (124 Va. 524, 98 S. E. 643), and were there relieved of certain local taxes upon the ground that the evidence showed clearly that the rate of taxation imposed violated U. S. Rev. Stat., sec. 5219 (Comp. St. U. S. §9784), in that the stock was taxed at a greater rate than was assessed upon other competitive moneyed capital in the hands of individual citizens of such State. The recovery was allowed because the proof there was that such moneyed capital in the hands of individuals, invested in bonds, notes, and other evidences of indebtedness, came into competition with the national bank in the loan market. There is no such evidence in this case; there is only the allegation that the tax was illegal, and that it exceeded certain other local taxes; so that as to this also, even if the procedure had been strictly regular, we think the court erred, because of this failure to prove one essential fact upon which such recoveries must rest.

4. There is a question raised in the case of the board of supervisors of Loudoun county which is not and could not be raised in the other case. That is that the board of supervisors, not being a party to the proceeding, has no right of appeal from the judgment. This

question must be determined from a consideration of the statutes relating to that board.

[7, 8] It appears from Code section 2710 that the board of supervisors "may sue and be sued in relation to all matters connected with their duties as such board." From Code section 2720 it appears that among the most important duties of the board is the levy of county and district taxes upon all property liable to taxation within their jurisdiction. It is also their duty to direct and control the disbursement of such taxes for public purposes. So that among the most important duties of the board is the levy and proper use of the very tax here involved, and they are expressly empowered to sue in relation to all matters connected with their official duties. Confirming this, we find that Code section 2728 provides that the board shall have power to represent the county in connection with the county property and the management of the business and concerns of the county in all cases where no other provision shall be made, and when necessary to employ counsel to assist the attorney for the Commonwealth, in any suit against the county, or in any matter affecting the county property. This statutory proceeding for the correction of erroneous assessments does not in terms provide for naming any party defendant. Notice must be given to the attorney for the Commonwealth and the commissioner of the revenue must be examined as a witness, but neither of these are parties in interest. The true parties to the proceeding under this section are either the county or the municipality for the use of which the specific levy is made. That the county in its own name may appeal is settled by the case of *Commonwealth* v. *Schmelz*, 116 Va. 62, 81 S. E. 45, but the fact that the county may do so does not prevent the board of supervisors from also doing so; and our judgment is that the appeal may be

taken either in the name of the county or in the name of the board of supervisors of the county which by statute is charged with the duty of representing the county.

Our conclusion, then, is to reverse both judgments.

*Reversed.*