## CIRCUIT COURT OF AUGUSTA COUNTY

Hershey Chocolate
of Va., Inc.

v.

Augusta County

August 20, 2014

Case Nos. CL10000696-00 and CL13001273-00

By Judge Victor V. Ludwig

On December 16, 2009, Hershey Chocolate of Virginia, Inc. (Hershey), filed an application for relief from assessments of real property taxes for each of the years 2006 through 2009, but it then nonsuited that action on December 29, 2009. (*See* Case No. CL09001648-00.) On June 25, 2010, Hershey filed a new application for relief from assessments of real property taxes for each of the years 2006 through 2010. (*See* Case No. CL10000696-00.) Subsequently, Hershey filed yet another application relating to years 2011 through 2013 (*see* Case No. CL13001273-00), and, on Hershey's motion, without objection from the County, by order of September 17, 2013, the Court consolidated those two cases as CL13001273-00, without, of course, affecting the open issue discussed in this letter. The defendant, Augusta County (the County), filed a plea in bar, asserting that Hershey is barred from pursuing relief for the year 2006.

The parties orally argued the case on June 2, 2014, but due to the Court's waiving what I now believe to have been a red herring during the oral arguments, the final briefs were submitted on June 25. I referred to *Ticonderoga Farms, Inc. v. Loudoun County Board of Supervisors*, 72 Va. Cir. 365 (2006). Although the decision in that case may be correct, as I indicate below, the character of the time limitation under consideration there was of a different flavor from the time limitation under consideration in this case, but I did not discover that until I had more carefully analyzed Judge Horne's case and the cases on which he relied. The Court is prepared to rule on the plea in bar.

The County maintains that the time prescribed in Va. Code Ann. § 58.1-3984 mandates the absolute limit of the period during which Hershey could pursue a remedy for the year 2006 and that Va. Code Ann. § 8.01-229(E)(3)

(the statute governing nonsuits) is inapplicable and unavailable to Hershey to extend the time period beyond the original period prescribed by the Code. Va. Code Ann. § 58.1-3984 provides, in part:

> Any person assessed with local taxes, aggrieved by any such assessment, may . . . (a) within three years from the last day of the tax year for which any such assessment is made, (b) within one year from the date of the assessment, (c) within one year from the date of the Tax Commissioner's final determination under § 58.1-3703.1 A 5 or § 58.1-3983.1 D, or (d) within one year from the date of the final determination under § 58.1-3981, whichever is later, apply for relief to the circuit court of the county or city wherein such assessment was made. The application shall b0before the court when it is filed in the clerk's office.

In support of that argument, the County maintains that the time provision in the Code section is not a statute of limitations at all.

The County argues that the holding of the Virginia Supreme Court in *Leesburg v. Loudoun Nat. Bank*, 141 Va. 244 (1971), is dispositive of the issue. In that case, the bank did not timely file its petition for relief from the tax assessment, and the Court (construing a predecessor of Va. Code Ann. § 58.1-3984), held that the issue was not even one that was one required to be "specially pleaded." *Id.* at 246. The Code section then under consideration was Va. Code § 2389, which then required that "the application for such redress must be made to the court within two years from the first day of September of the year in which the assessment is made." *Leesburg* at 246. On the contrary, "[t]he very right itself is accorded by the statute . . . [and] the limitation of time thereby prescribed is so incorporated in the remedy given as to make it an integral part of it, and hence makes it a condition precedent to the maintenance of the proceeding." *Id.* at 247.

> The distinction between statutes of limitation which bar rights, which have once accrued, and limitations of time which are an integral part of the statute creating the right, is everywhere recognized, and as to this it is only necessary to cite one other Virginia case, *Dowell v. Cox*, 108 Va. 460, 62 S.E. 272, where it is held that the statutory requirement that an action for wrongful killing shall be brought within one year affects the right as well as the remedy and can therefore be availed of by demurrer.

*Id.*, quoting *Commonwealth v. Deford*, 137 Va. 542, 551 (1923). That is no insignificant distinction. When the time for filing is a statutory predicate to the enforcement of the right, the right itself does not mature unless asserted within the stated time, and, when the Court decided *Leesburg*, a demurrer was appropriate. When the claim is in the category of those

which have accrued but which must be pursued within a specific time after the accrual of the claim, the issue could only be raised by a special plea. Without abolishing the distinction between "pure" and "special" statutes of limitations, the General Assembly has prescribed the method of attacking a statutory limitation in Va. Code Ann. § 8.01-235. *See Harper v. City Council of Richmond,* 220 Va. 727 (1980).

The continuing vitality of *Leesburg* is certainly open to question for at least two reasons. First, it is of some significance that the Court in *Leesburg* observed that the "court . . . had no jurisdiction to grant relief as to the taxes for the year 1919; and this being jurdictional, the question may be raised for the first time in this court." *Leesburg* at 247. *See also Washington County v. Sullins College,* 211 Va. 591 (1971). The necessary inference is that the issue was one of subject matter jurisdiction. Whether that holding would withstand scrutiny under current statutory law and later case law is in serious doubt.

In *Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County,* 271 Va. 336 (2006) (discussed below for other purposes and designated *BOSFC v. BOZAFC* II), the Supreme Court of Virginia carefully articulated the various components of jurisdiction necessary to dispose of a case. Of those components, only the power grante0by the sovereign for a court to hear a case cannot be waived. However, the Court observed that, in Va. Code Ann. § 17.1-513 (and, I note, its predecessor, § 17-123, in effect when the Court decided *Leesburg*), the "General Assembly granted circuit courts appellate jurisdiction over appeals from the judgments and proceedings of inferior tribunals in such civil and criminal cases as the General Assembly may provide." *BOSFC v. BOZAFC* II at 344. Given that general grant and given the fact that Va. Code § 2389 (which the *Leesburg* case addressed) and Va. Code Ann. § 58.1-3984 (which the Court considered in *BOSFC v. BOZAFC* II) authorized the Circuit Court to consider appeals of tax assessments, clearly the trial court had subject matter jurisdiction.

Second, it is also of some significance (although perhaps of little consequence) that the Court observed that "the application must be actually made, and made directly to the court, within two years" of the date specified in the statute. *Leesburg* at 247. That makes it clear that a timely filing in an inappropriate venue would not save the claim. Again, whether that holding would withstand scrutiny under current statutory law and later case law is in doubt.

In *Welding, Inc. v. Bland County Service Auth.,* 261 Va. 218 (2001), a plaintiff timely filed a claim in federal court against the Authority pursuant to the Procurement, but the case was dismissed because it was not the proper forum. Nevertheless, the Virginia Supreme Court concluded that the erroneous (but timely) filing in federal court satisfied the six month filing requirement and permitted the plaintiff to re-file in state court. The lesson of that holding is that a filing in the wrong venue is not fatal, even though

the statute under consideration was similar (though not identical) to the statute which the Court addressed in *Leesburg*.

Finally, ignoring those torpedoes running hot, straight, and normal to the heart of the holding in *Leesburg,* and even though the holding in *Leesburg* is facially supportive of the County's argument, it does not ~swer the question in the case pending before this Court. It was the bank's failure timely to file its claim that the Court addressed in *Leesburg*. Here, Hershey clearly timely filed its application for the year 2006 in the case designated CL09001648-00, and the only issue is whether it is barred from nonsuiting the case and refiling it, and that is a different question. That is so because the tactical tool of nonsuit in a bench trial did not exist at the time the Court decided the *Leesburg* case, and certainly, the precise language of Va. Code Ann. § 8.01-229(E)(3) was not implicated. Indeed, it was not until 1954 that a plaintiff could nonsuit any case other than one set for trial by jury. Moreover, it was not until 1977 that the General Assembly provided for the tolling of a statute of limitations during the pendency of a case subsequently nonsuited. Unless, as the County posits, the time limitation under consideration is not a statute of limitations at all; that is an important observation.

The County's characterization of the limitation of time (specifically that it is not a statute of limitations) is predicated on Justice Compton's decision (for the Court) in *Friends of Clark Mountain Foundation, Inc. v. Board of Supervisors of Orange County,* 242 Va. 16 (1991). In that case, the plaintiffs challenged the action of the Board of Supervisors in granting an application for rezoning property and granting a special use permit. The governing statute, Va. Code Ann. § 15.1-493(G), provided that the action "shall be filed within thirty days of such decision," *id.* at 18, and the plaintiffs did that. However, the action named only the Board, and, after the thirty days had expired, the trial court granted the motion to intervene filed by others whom the trial court determined to be necessary parties.

Justice Compton characterized the dispositive question before the Court in *Friends of Clark Mountain* to be, "[i]f the applicants are necessary parties, and were not made parties within the 30-day period set forth Code § 15.1-493(G), must the suit be dismissed as untimely?" *Id.* at 19. That statute provided, in part:

> Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of such decision with the circuit court having jurisdiction of the land affected by the decision.

*Id.* at 18. That statute currently appears as Va. Code Ann. § 15.2-2285(F). Assuming, without deciding, that the unnamed parties were necessary, the Court focused only on the second part of the conditional question. Having

carefully distinguished "special" statutes of limitations from "pure" statutes of limitations and both from statutes of repose, the Court concluded that the "30-day period is none of the above." *See also Commonwealth of Virginia v. Owens-Corning Fiberglas Corp.*, 238 Va. 595 (1989), for a more recent, but no less informative, analysis of the topic.

The earlier case on which the opinion was grounded was *Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County*, 225 Va. 235 (1983) (*BOSFC v. BOZAFC* I), in which the Court construed Va. Code Ann. § 15.1-497. That statute provided, in part:

> Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any . . . department, board, or bureau of the county or municipality, may present to the circuit court of the county or city a petition specifying the grounds on which aggrieved within thirty days after the filing of the decision in the office of the board.
>
> Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court.

In that case, the aggrieved petitioner timely filed the application with the Circuit Court but failed to join a necessary party. The Court framed the question before it to be: "[W]hether the successful applicant before the board of zoning appeals must be made a party to the certiorari proceeding within the thirty-day period prescribed by the Code section." *Id.* at 237. Noting that the only consequence of filing the petition was that the Circuit Court would issue a writ of *certiorari* to the Board of Zoning Appeals, the Court concluded that an applicant could strictly and completely comply with its statutory obligations without naming all necessary parties. Indeed:

> [U]ntil return on the writ of *certiorari* is made by the board of zoning appeals, the only necessary parties to a proceeding under Code § 15.2 1-497 are the aggrieved person and the board. Indeed, we believe this is the only reasonable interpretation of the statute because the court might not be able to determine the identity of all necessary parties until the record is returned by the board of zoning appeals, an event which ordinarily occurs after the expiration of the thirty-day period.
>
> Once the return is made, however, and the absence of a necessary party is noted of record, the court should not proceed

with the review contemplated by Code § 15.1-497 until that
party has intervened or has been brought into the proceeding

*Id.* at 238—39.

In adopting the reasoning of the earlier case, Justice Compton clearly took notice of the fact that the statute under consideration in *BOSFC v. BOZAFC* I (Va. Code Ann. § 15.1-497) was specific in its terms as to (a) what action the petitioner must take, (b) that it did not require the naming of any parties, or (c) that it limited relief to the issuance of a writ of *ceryorari*, and perhaps most significantly, (d) that it implicitly recognized that the petitioner may not even know all of the necessary parties until the proceeding contemplated by Va. Code Ann. § 15.1-497 had been completed. Va. Code Ann. § 15.1-497 was, as indicated below, essentially a notice to the Board of the petitioner's intent to pursue an appeal. Despite the fact that the proceeding pursuant to Va. Code Ann. § 15.1-493 (the statute under review in *Friends of Clark Mountain*) did not involve the issuance of a writ of *certiorari*, the Court noted that the proceedings, after lodged in the Circuit Court, are identical, and that "it would be inconsistent to interpret the two statutory proceedings differently." *Friends of Clark Mountain* at 22.

Although the Court, in *BOSFC v. BOZAFC* I, concluded that the time limitation was none of a pure statute of limitations, a special statute of limitations, or a statute of repose, it did not decide what it was. However, the Court revisited the issue in *BOSFC v. BOZAFC* II. Having first concluded, with considerable analysis, that the time requirement was not jurisdictional, the Court held that it:

> [i]s a statutory prerequisite for a circuit court to proceed to adjudicate an appeal from a final decision of a board of zoning appeals. *See Morrison*, 239 Va. at [166, 169 (1990)] . . . *Farant Inv. Corp.*, 138 Va. at [417, 427-28 (1924)]. . . .
>
> The 30-day filing requirement could also be viewed as "notice jurisdiction, or effective notice to a party." *Morrison*, 239 Va. at 169, 387 S.E.2d at 755. The purpose of a time limitation for filing an appeal "is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed . . . the appellee is entitled to assume that the litigation is ended, and to act on that assumption." *Avery v. Brunswick County Sch. Bd.*, 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951).

*BOSFC v. BOZAFC* II at 345.

Hence, unlike *BOSFC V. BOZAFC* I, in *BOSFC v. BOZAFC* II, the Court not only told us what the time limitation in Va. Code Ann. § 15.2-2314 (and its predecessor, § 15.1-497) was not; it told us what it was (essentially a

notice provision). The issue, then, is whether the time requirement, in the statute in the case at bar is simply a notice provision.

Va. Code Ann. § 58.1-3984 provides, in part:

> Any person assessed with local taxes, aggrieved by any such assessment, may . . . (a) within three years from the last day of the tax year for which any such assessment is made, (b) within one year from the date of the assessment, (c) within one year from the date of the Tax Commissioner's final determination under § 58.1-3703.1 A 5 or § 58.1-3983.1 D, or (d) within one year from the date of the final determination under § 58.1-3981, whichever is later, apply for relief to the circuit court of the county or city wherein such assessment was made.

Va. Code Ann. § 58.1-3984(A).

Clearly, the time limitation of the statute under consideration in the case at bar is unlike the limitations in *BOSFC v. BOZAFC* I, *BOSFC v. BOZAFC* II, and *Friends of Clark Mountain*. That is true because the initiation of a proceeding under Va. Code Ann. § 58.1-3984 is more than simply a notice to the governmental entity that the petitioner is pursuing a remedy in the Circuit Court. An assessment of a party's real property is peculiar to that property. There are no other parties who would be necessary parties, so the facts and the logic of *Friends of Clark Mountain* simply do not apply.

Although I acknowledge that there is no dispositive precedent, my analysis of the statutory law and the relevant cases which apply to or at least inform a decision in this case leads me to the conclusions (a) that this case is not governed by the holding in *Leesburg* (which, although not expressly overruled because it has not been revisited, is no longer good law), (b) that the time limitation in Va. Code Ann. § 58.1-3984 and similar statutes do not create an issue of subject matter jurisdiction, and (c) that the provision in Va. Code Ann. § 58.1-3984 is not simply a notice provision.

There is no dispute that, when Hershey filed its initial claim as CL09001648-00, it timely filed as to the 2006 assessment. Moreover, it is clear that Hershey's refiling as to the 2006 assessment on June 25, 2010, was within the time permitted by Va. Code Ann. § 8.01-229 (assuming it to be applicable), which provides, in part:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action

is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3).

I understand that the nonsuit provision applies (and is limited) by its terms to "the statute of limitations with respect to such action." Moreover, I understand the County's argument, based on the analysis of *Friends of Clark Mountain*, to be that the time limitation in this case is not a "statute of limitations." However, given the nature of the statute under consideration in that case and the Court's conclusion that it must be interpreted to be in harmony (and lead to the same result as) the statute under consideration in *BOSFC v. BOZAFC* I (despite that fact that the latter contained the express limitation to the remedy of *certiorari*), the holding in *Friends of Clark Mountain* cannot be precedent for the County's position unless all statutes giving rise to rights, not recognized at common law, are to be governed by that analysis. That clearly is not correct.

In *Welding, Inc. v. Bland County Service Auth., supra,* as I previously noted, a plaintiff timely filed a claim against the Authority pursuant to the Procurement Act, specifically Va. Code Ann. § 11-69(D) (now Va. Code Ann. § 2.2-4363(E)), which provided, in part: "The decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body . . . ." The plaintiff, however, initially filed in federal court, but the case was dismissed because it was not the proper forum (based on contractual forum provisions). Nevertheless, the Virginia Supreme Court concluded that the timely filing alone (even in the wrong forum) satisfied the six month filing requirement and permitted the plaintiff to re-file in state court, the claim having been saved by the tolling provision of Va. Code Ann. § 8.01-229(E)(1).

In arriving at its conclusions, the Court did not express any doubt that the statutory time limitation was a statute of limitations of some sort. The only issue (relevant to the case at bar) was whether the time limitation was a "special" statute of limitations or a statute of repose. Although there is no doubt that the nonsuit provisions would apply to the former, even with respect to the latter, the Court made the somewhat ambiguous observation that it "reject[ed] the Authority's argument that the appeal provision, Code § 11-69(D), is a statute of repose which cannot be subjected to a tolling provision. At the onset, the Authority admits that it has no legal support for the proposition that tolling provisions do not apply to statutes of repose." *Welding* at 225-26.

The Court's observation on that issue was *dictum* because the Court concluded that the time requirements in the statute constituted a special statute of limitations. Nevertheless, given the previous pronouncements that the tolling provisions apply only to statutes of limitations, one might infer from the *dictum* that a statute of repose is a form of statute of

limitation. Indeed, without more, I would infer from the Court's observation that it had not previously ruled that statutes of repose are not statutes of limitations. That inference, however, is at odds with the Court's holding in *Commonwealth of Virginia v. Owens-Corning Fiberglass Corp.*, 238 Va. 595 (1989), in which the Court clearly said the statute there under scrutiny was "not a statute of limitations, but a statute of repose, something 'in fact different in concept, definition, and function'." *Id.* at 600, citing *School Bd. of the City of Norfolk v. United States Gypsum*, 234 Va. 32, 37 (1987).

Not inclined to leave that potential mine lurking beneath the surface, I conclude that the time limitation under consideration in this case is a special statute of limitations and not a statute of repose. My conclusion rests on the distinction between the two made by the Supreme Court of Virginia many times, but perhaps best expressed in Justice Poff's observation in *School Bd. of the City of Norfolk v. United States Gypsum.* "As a general rule, the time limitation in a conventional statute of limitations begins to run when the cause of action accrues. . . . The time limitation [of a statute of repose] begins to run from the occurrence of an event unrelated to the accrual of a cause of action. . . ." *Id.* The relevant time limitation in this case for the filing for the year 2006, prescribed by Va. Code Ann. § 58.1-3984(a), was "within three years from the last day of the tax year for which any such assessment [was] made." It was the assessment, and the assessment alone, that gave rise to Hershey's cause of action for that year, and, as such, it can hardly be persuasively maintained that the assessment was an event unrelated to the accrual of the cause of action.

Based on the foregoing, I overrule the County's plea in bar.