OPINION BY JUSTICE WILLIAM C. MIMS
 

 In this appeal, we consider whether Code § 58.1-3814(H) permits a locality to impose a tax on natural gas consumed for the sole purpose of generating electricity.
 

 I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW
 

 Virginia Electric and Power Company ("VEPCO") operates a gas-fired electric generation station located in the City of Richmond. The City sent VEPCO a tax assessment for natural gas consumed at the station between 2001 and 2004, ostensibly under Code § 58.1-3814(H).
 
 *
 
 The City later sent a second assessment for gas consumed between the years 2005 and 2008. VEPCO filed timely applications for correction for each assessment, which the City denied in final local determination letters. VEPCO thereafter appealed the denials to the Virginia Department of Taxation, asserting among other things that it was not subject to the tax under the terms of Code §§ 58.1-2600(A) and 58.1-3814(H). In a final state determination letter, the Tax Commissioner affirmed the City's ruling that VEPCO was subject to the tax. VEPCO filed a motion to reconsider, which the Tax Commissioner denied. The
 City thereafter sent a new assessment of $7,292,957.26, which included the earlier assessments, late fees, and VEPCO's consumption through the year 2013.
 

 VEPCO thereafter filed a timely appeal from the Tax Commissioner to the circuit court, again asserting, among other things, that it was not subject to the tax. As relevant to this appeal, it argued that it consumes natural gas at the station to generate electricity, not to furnish heat or light. Accordingly, it contended, its consumption was outside the scope of Code § 58.1-3814(H).
 

 After a hearing, the circuit court entered a consolidated letter opinion and order ruling that "[t]o meet the definition of a pipeline distribution company, a company must transmit gas through a pipeline 'for purposes of furnishing heat or light.' " The General Assembly's use of the phrase "for purposes of furnishing heat or light" makes clear that the purpose for consuming the gas is the focus of the statute. VEPCO could not be liable for the tax, the court continued, because it consumed gas for the purpose of generating electricity. Any heat or light created when VEPCO consumed gas at the station was merely incidental.
 

 The court found further support for its ruling from the use of the phrase "heat, light and power" in the provision of Code § 58.1-2600(A) that defines the term "[c]ommission." The court reasoned that the use of the word "power" alongside the words "heat" and "light" in one provision of Code § 58.1-2600(A), juxtaposed with the omission of the word "power" from the phrase "furnishing heat or light" in the same section, reflected legislative intent that the term "pipeline distribution companies" exclude companies transmitting gas consumed solely to produce electricity. Accordingly, the court concluded that VEPCO was not subject to the tax under Code § 58.1-3814(H).
 

 We awarded the City this appeal.
 

 II. ANALYSIS
 

 In its sole assignment of error, the City asserts that the circuit court erred in its interpretation of Code § 58.1-3814(H). The City argues that the term "heat or light" is not ambiguous, so it must be given its plain meaning. VEPCO's use falls within the plain meaning of Code § 58.1-3814(H) because the evidence established that VEPCO combusts natural gas, thereby creating heat, to power
 electricity-generating turbines. Thus, the City continues, the circuit court should not have construed the term "heat or light" by referring to other parts of Code § 58.1-2600(A) not expressly incorporated into Code § 58.1-3814. This is especially true, the City concludes, because Code § 58.1-2600 is in a chapter of Title 58.1 pertaining to state taxation of public utilities, but Code § 58.1-3814 is in a chapter pertaining to local taxation of utility consumption. We disagree.
 

 "Code § 58.1-3983.1(G) provides that when a court is reviewing a determination of the Tax Commissioner, the party challenging the determination shall have the burden of proof to show that the determination was erroneous. The State Tax Commissioner's determination is presumed valid." Palace Laundry, Inc. v. Chesterfield County ,
 
 276 Va. 494
 
 , 497,
 
 666 S.E.2d 371
 
 , 373 (2008). However, "[t]axing statutes must be construed strongly in the taxpayer's favor, and will not be extended by implication beyond the clear import of the statutory language." City of Lynchburg v. English Constr. Co. ,
 
 277 Va. 574
 
 , 583,
 
 675 S.E.2d 197
 
 , 201 (2009) (internal quotation marks omitted). Further, "[a] court never defers to the Tax Commissioner's interpretation of a statute." Nielsen Co. (US), LLC v. County Bd. of Arlington County ,
 
 289 Va. 79
 
 , 89,
 
 767 S.E.2d 1
 
 , 5 (2015). Rather, this Court reviews questions of statutory interpretation de novo. Eberhardt v. Fairfax County Emps. Ret. Sys. Bd. of Trs. ,
 
 283 Va. 190
 
 , 194,
 
 721 S.E.2d 524
 
 , 526 (2012).
 

 We agree with the City that "[w]hen a statute is clear and unambiguous, a court may look only to the words of the statute to determine its meaning. It may not consider rules of statutory construction, legislative history, or extrinsic evidence."
 
 Id.
 
 (internal citations and quotation marks omitted). However, courts have a "duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal. A statute is not to be construed by singling out a particular phrase." Id. at 194-95,
 
 721 S.E.2d at 526
 
 (internal quotation marks omitted). Such consideration does not violate the rule against considering statutory construction, legislative history, or extrinsic evidence.
 
 Id.
 
 The circuit court thus was not only empowered but obligated to consider the words used in the definition of "pipeline distribution companies" in context with the words used in other provisions of
 Code § 58.1-2600(A) to ensure that its interpretation of that definition was consistent with the other provisions. In discharging this obligation, the court correctly noted that the word "power" was used alongside "heat" and "light" in the provision defining "commission" but not in the provision defining "pipeline distribution companies."
 

 "When interpreting and applying a statute, [courts] assume that the General Assembly chose, with care, the words it used in enacting the statute." Kiser v. A.W. Chesterton Co. ,
 
 285 Va. 12
 
 , 19 n. 2,
 
 736 S.E.2d 910
 
 , 915 n. 2 (2013) (internal quotation marks omitted). Thus, "it is well established that every act of the legislature should be read so as to give reasonable effect to every word."
 

 Lynchburg Div. of Soc. Servs. v. Cook ,
 
 276 Va. 465
 
 , 483,
 
 666 S.E.2d 361
 
 , 370 (2008) (internal alteration and quotation marks omitted). "Every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary."
 
 Id.
 
 (internal alteration and quotation marks omitted).
 

 Therefore, the phrase "heat, light and power" in the definition of "commission" must enumerate three separate items and the word "power" must have some meaning independent of what is conveyed by the words "heat" and "light." Otherwise, "power" would be meaningless, and we are not permitted to adopt such a construction. Consequently, the omission of "power" from the statutory definition of "pipeline distribution companies" must have significance. "[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." Zinone v. Lee's Crossing Homeowners Ass'n ,
 
 282 Va. 330
 
 , 337,
 
 714 S.E.2d 922
 
 , 925 (2011). What then did the General Assembly mean by the word "power," which it included in the definition of "commission" but excluded from the definition of "pipeline distribution companies"?
 

 "Power" has many meanings. See Webster's Third New International Dictionary 1778-79 (1993). In the context relevant to Title 58.1, we believe the General Assembly intended it to mean "a source or means of supplying energy ... esp [ecially] electricity." Id. at 1779. Accordingly, the omission of the word "power" from the definition of "pipeline distribution companies"
 

 reflects that the legislature did not intend Code § 58.1-3814(H) to permit localities to impose a tax on natural gas consumed solely for the purpose of generating electricity.
 

 The circuit court therefore correctly rejected the City's interpretation of the statute. We find no error in its judgment.
 

 Affirmed.
 

 Code § 58.1-3814(H) has remained substantially unaltered since its original enactment in 2000. Compare Code § 58.1-3814(H) with 2000 Acts chs. 614, 691, 706, and 1064. It provides in relevant part that a locality "may impose a tax on consumers of natural gas provided by pipeline distribution companies." The term "pipeline distribution companies" is expressly given the same meaning as it is defined in Code § 58.1-2600. Code § 58.1-3814(J). Code § 58.1-2600(A) defines that term in relevant part to mean "a corporation ... which transmits, by means of a pipeline, natural gas ... to a purchaser for purposes of furnishing heat or light."