PRESENT:  All the Justices

VERIZON ONLINE LLC

OPINION BY
JUSTICE ELIZABETH A. McCLANAHAN

v.  Record No. 151955

March 2, 2017

JOSEPH A. HORBAL, COMMISSIONER
OF THE REVENUE FOR CHESTERFIELD COUNTY

JOSEPH A. HORBAL, COMMISSIONER
OF THE REVENUE FOR CHESTERFIELD COUNTY

v.  Record No. 151956

VERIZON ONLINE LLC


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

These appeals arise out of a determination by the Tax Commissioner of Virginia that television set top boxes owned by Verizon Online LLC ("Verizon") and used in its cable television business are "intangible personal property" not subject to local taxation under Code § 58.1-1101(A)(2a).  The Tax Commissioner directed Chesterfield County to issue refunds to Verizon for local taxes it paid for tax years 2008, 2009, and 2010 on set top boxes it owned. Upon judicial review, the circuit court upheld the Tax Commissioner's determination that Verizon's set top boxes are not subject to local taxation.  However, as to the taxes Verizon paid for tax years 2008 and 2009, the circuit court ruled that Verizon was not entitled to refunds for those years due to its failure to file a timely appeal with the local commissioner of revenue.

We will affirm that part of the circuit court's judgment ruling that Verizon's set top boxes are not subject to local taxation under Code § 58.1-1101(A)(2a).  We will reverse that part of the circuit court's judgment ruling that Verizon is not entitled to refunds for tax years 2008 and 2009.  As we hold herein, the issue of the timeliness of Verizon's local appeal was not preserved

for review by the circuit court.

## I.  LOCAL TAXATION OF VERIZON'S SET TOP BOXES

### A.  Background

Verizon leases television set top boxes, also referred to as "converters," to customers in Chesterfield County for use in the cable television business.[1]  A set top box "converts a digital television signal to analog for viewing on a conventional set" or "enables cable or satellite television to be viewed."  Verizon's set top boxes are used to deliver a cable service called "FiOS."

For tax years 2008, 2009, and 2010, Joseph A. Horbal, Commissioner of Revenue for Chesterfield County ("Horbal"), assessed local property taxes upon Verizon's set top boxes based on Verizon's annual reports of business personal property for those years.  Subsequently, Verizon filed a local appeal with Horbal asserting that it had erroneously classified its set top boxes as ordinary tangible property on its returns for tax years 2008, 2009, and 2010.  Verizon argued that the set top boxes should instead be classified as "intangible personal property" under Code § 58.1-1101(A)(2a) and requested a refund of $1,003,657.[2]  Horbal denied Verizon's appeal, stating that the set top boxes were "machinery" subject to local taxation.[3]

---

[1] The parties entered into a joint stipulation of facts "for all purposes in this case."

[2] As legal authority for its appeal, Verizon cited Code § 58.1-3983.1(B) (providing for appeal to the local commissioner of revenue from local business tax assessment) and Code § 58.1-3980(A) (providing for application to local commissioner of revenue for correction of local tax assessment).

[3] In his letter denying Verizon's appeal, Horbal relied upon and quoted from language in an order entered by the Chesterfield County Circuit Court in *Comcast of Chesterfield County, Inc. v. Board of Supervisors for Chesterfield County*, Record No. CL07-1003 (Feb. 15, 2008).

Verizon appealed the determination of Horbal to the Tax Commissioner pursuant to Code § 58.1-3983.1(D).[4] Following a response filed by Chesterfield County, the Tax Commissioner determined that the converters were classified as "intangible personal property" under Code § 58.1-1101(A)(2a) and, thus, not taxable by the County. The Tax Commissioner remanded the case to the County "to issue refunds for the 2008 through 2010 tax years in accordance with [the Tax Commissioner's] determination."

Horbal filed an application for judicial review of the determination of the Tax Commissioner in the circuit court pursuant to Code §§ 58.1-3983.1(G), -3984.[5] Horbal asserted that the Tax Commissioner's determination was erroneous because the set top boxes were subject to local taxation as "machines" under Code § 58.1-1101(A)(2a). The circuit court granted Verizon's motion for summary judgment, ruling that the set top boxes are "intangible personal property" not subject to local taxation under Code § 58.1-1101(A)(2a).[6] In reaching its decision, the circuit court found the statutory language contained in Code § 58.1-1101(A)(2a) ambiguous and considered "various amendments to the relevant statutes" to conclude that "it was

---

[4] Code § 58.1-3983.1(D) provides for an appeal to the Tax Commissioner by any person whose administrative appeal to the local commissioner of the revenue or other assessing official pursuant to Code § 58.1-3983.1(B) has been denied.

[5] Code § 58.1-3983.1(G) permits the taxpayer or local commissioner of revenue to apply to the circuit court for judicial review pursuant to Code § 58.1-3984 of a final determination of the Tax Commissioner.

[6] Both parties filed motions for summary judgment. The circuit court granted in part and denied in part Horbal's motion for summary judgment, ruling that Verizon did not timely file its local appeal of the 2008 and 2009 tax assessments. We address this ruling in Part II of this opinion.

3

the legislature's intent to exclude cable set top box converters and tuners from the definition of 'machines and tools.'"[7]

    B.  Analysis

Horbal asserts that the circuit court erred in ruling that the language in Code § 58.1-1101(A)(2a) is ambiguous and considering "extrinsic evidence."  Horbal contends that set top boxes fall within the plain meaning of "machines," which are to be taxed locally as tangible personal property.

Upon judicial review of a determination by the Tax Commissioner, the burden is on Horbal "to show that the ruling of the Tax Commissioner is erroneous."  Code § 58.1-3983.1(G). "The State Tax Commissioner's determination is presumed valid."  *City of Richmond v. Virginia Elec. & Power Co.*, 292 Va. 70, 74, 787 S.E.2d 161, 163 (2016) (quoting *Palace Laundry, Inc. v. Chesterfield County*, 276 Va. 494, 497, 666 S.E.2d 371, 373 (2008)).  "The Department of Taxation and the Tax Commissioner administer and enforce the Commonwealth's tax laws." *Nielsen Co. (US), LLC v. County Board of Arlington County*, 289 Va. 79, 88, 767 S.E.2d 1, 5 (2015); Code § 58.1-202.  Therefore, although a court does not defer to their interpretation of an unambiguous tax statute, a court will afford great weight to their interpretation when the statute's meaning is doubtful.  *Nielson Co.*, 289 Va. at 88-89, 767 S.E.2d at 4-5.

---

[7] After concluding that the legislature intended to exclude converters and tuners from "machines and tools," the circuit court also noted that it found the Tax Commissioner's reasoning "compelling" and the reasoning set forth in the Circuit Court of Arlington County Circuit Court's opinion in *Arlington Cable Partners v. County of Arlington*, Record No. 26719 (March 20, 1987) "persuasive."  Although Horbal assigns error to the circuit court's reliance on the reasoning of these decisions, our resolution of this issue makes it unnecessary for us to address these assignments of error.

Under Code § 58.1-1100, "[i]ntangible personal property, including capital of a trade or business of any person, firm or corporation . . . is hereby segregated for state taxation only." Code § 58.1-1101 classifies certain personal property, tangible in fact, as "intangible personal property." With specific regard to cable television businesses, "[p]ersonal property, tangible in fact, used in cable television businesses" is classified as "intangible personal property." Code § 58.1-1101(A)(2a). However, "[m]achines and tools, motor vehicles, delivery equipment, trunk and feeder cables, studio equipment, antennae and office furniture and equipment of such businesses shall not be defined as intangible personal property for purposes of this chapter and shall be taxed locally as tangible personal property." *Id.*

It is undisputed that the set top boxes are personal property used in Verizon's cable television business. Therefore, the set top boxes are classified as "intangible personal property" not subject to local taxation unless they fall within one of the enumerated exceptions. Code §§ 58.1-1100, -1101(A)(2a); *see Daily Press, Inc. v. City of Newport News*, 265 Va. 304, 309, 576 S.E.2d 430, 433 (2003); *City of Winchester v. American Woodmark Corp.*, 250 Va. 451, 456, 464 S.E.2d 148, 151 (1995). Horbal contends that the plain meaning of the word "machines" as used in Code § 58.1-1101(A)(2a) unambiguously includes Verizon's set top boxes. We disagree.

In determining the plain meaning of the word "machines" as it relates to Verizon's set top boxes, we consider the text of House Bill 827, printed as Chapter 692 of the Acts of Assembly of 1984.[8] "[T]he underlying enacted legislation is found in the Acts of the General Assembly and is the complete and accurate statutory law in Virginia." *Eberhardt v. Fairfax County Emps. Ret.*

---

[8] Chapter 692 of the Acts of Assembly of 1984 is titled "An Act to amend and reenact § 58-405 of the Code of Virginia, relating to intangible personal property." Code § 58-405 is the predecessor to Code § 58.1-1101.

*Sys. Bd. of Trs.*, 283 Va. 190, 194, 721 S.E.2d 524, 526 (2012).  Therefore, "reference to the

legislation printed in the Acts of Assembly upon enactment does not offend the well-established

rule against considering rules of statutory construction, legislative history, or extrinsic evidence,"

which applies when the statute is clear and unambiguous.  *Id.*  As set out in the Acts of

Assembly, the enactment made the following deletions (as indicated by strikethrough text) and

additions (as indicated by italicized text):

> 2.  Personal property, tangible in fact, used in manufacturing, mining, radio or television broadcasting, ~~cable television,~~ dairy, dry cleaning or laundry businesses, except machinery and tools, motor vehicles and delivery equipment of such businesses ~~and the~~ ~~trunk~~ ~~and feeder cables, studio equipment, tuners, converters, antennae and office furniture and equipment~~ ~~of cable television businesses;~~
> *2 (a). Personal property, tangible in fact, used in cable television businesses, except machines and tools, motor vehicles and delivery equipment of such businesses, trunk and feeder cables, studio equipment, antennae and office furniture and equipment of such businesses.*

1984 Va. Acts, ch. 692.

The deletions and additions reflected in Chapter 692 of the Acts of Assembly of 1984

reveal that the General Assembly created a separate subsection for cable television businesses

and removed "tuners" and "converters" from the list of property subject to local taxation.  The

text of the new subsection 2(a) uses the phrase "machines and tools" instead of the phrase

"machinery and tools" in subsection 2.  Although Horbal argues that the use of the phrase

"machines and tools" should be viewed as a "replacement" for the terms "tuners" and

"converters" so as to broaden the scope of property subject to local taxation, the plain language

of the enactment does not support this interpretation.  To the contrary, the deletion of "tuners"

and "converters" from the list of property subject to local taxation supports the opposite

conclusion.  The Acts plainly evince an intent that "personal property . . . used in cable television

businesses" includes tuners and converters.  1984 Va. Acts, ch. 692.

6

Even if there were doubt as to whether the General Assembly intended to delete tuners and converters from the list of property subject to local taxation, this doubt must be resolved in favor of Verizon. Code §§ 58.1-1100 and -1101(A)(2a) are general tax statutes that we construe against the government and in favor of the taxpayer. *Daily Press*, 265 Va. at 309, 576 S.E.2d at 433; *American Woodmark*, 250 Va. at 456, 464 S.E.2d at 151 ("Code §§ 58.1-1100 and -1101(A)(2) reflect the General Assembly's decision not to grant a specific taxing power to the City, and these statutes must be treated as general tax statutes."). "Statutes imposing taxes are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Whenever there is a just doubt, 'that doubt should absolve the taxpayer from his burden.'" *Id.* at 456, 464 S.E.2d at 152 (quoting *Commonwealth Natural Resources, Inc. v. Commonwealth*, 219 Va. 529, 537-38, 248 S.E.2d 791, 796 (1978)); *see also City of Richmond*, 292 Va. at 74, 787 S.E.2d at 163. "No one can be held to the payment of a tax unless he comes clearly within the terms of the particular act or ordinance." *City of Richmond v. Valentine*, 203 Va. 642, 646, 125 S.E.2d 854, 858 (1962).

Accordingly, we conclude that Verizon's set top boxes are not subject to local taxation under Code § 58.1-1101(A)(2a). Because the circuit court correctly rejected Horbal's interpretation of Code § 58.1-1101(A)(2a), we find no error in its judgment on this issue.

## II. PRESERVATION OF ISSUE REGARDING TIMELINESS OF VERIZON'S APPEAL

A. Background

Verizon initiated its local appeal of the 2008, 2009, and 2010 tax assessments by letter to Horbal dated December 28, 2010. In response by letter dated January 28, 2011, Horbal stated

that Verizon's appeal was "incomplete" and that Horbal would consider Verizon's appeal when it was in compliance with the requirements of Code § 58.1-3983.1(B)(2).[9] Verizon submitted an "amended appeal" to Horbal by letter dated June 22, 2011. By letter dated July 14, 2011, which Horbal designated as a "Final Local Determination," Horbal denied Verizon's appeal, while stating that he "deemed" Verizon's appeal as "complete" and "qualifying as a local appeal."

On August 26, 2011, Verizon filed an administrative appeal with the Tax Commissioner pursuant to Code § 58.1-3983.1(D).[10] The County filed a response in which it argued that Verizon's set top boxes are "machines" within the ordinary meaning of that word and, therefore, subject to local taxation. The County did not raise any issue regarding the timeliness of Verizon's local appeal or assert that the Tax Commissioner was without jurisdiction to hear the matter.

When Horbal filed his application for judicial review following the Tax Commissioner's determination, he asserted that the Tax Commissioner exceeded his jurisdiction by ordering refunds for tax years 2008 and 2009. Specifically, Horbal argued that Verizon failed to file its local appeal of the assessments for those years within one year from the last day of the tax year for which the assessments were made or within one year from the date of the assessments as

---

[9] Code § 58.1-3983.1(B)(2) (governing administrative appeals to local commissioner of revenue by persons assessed with local business tax) provides that "[t]he appeal shall be filed in good faith and sufficiently identify the taxpayer, the tax period covered by the challenged assessment, the amount in dispute, the remedy sought, each alleged error in the assessment, the grounds upon which the taxpayer relies, and any other facts relevant to the taxpayer's contention."

[10] Code § 58.1-3983.1(D)(1) provides, in pertinent part, that "[a]ny person whose administrative appeal to the commissioner of the revenue or other assessing official pursuant to subsection B has been denied in whole or in part may appeal the determination . . . within 90 days of the date of the determination."

required by Code § 58.1-3983.1(B)(1).[11]  Granting in part Horbal's motion for summary

judgment, the circuit court ruled that Verizon failed to timely file its local appeal of the 2008 and

2009 tax assessments.

B.  Analysis

On appeal to this Court, Verizon asserts the circuit court erred in ruling that Verizon was

not entitled to refunds of taxes paid for tax years 2008 and 2009.  Verizon contends that the issue

regarding the timeliness of Verizon's local appeal was not presented to the Tax Commissioner

and, therefore, was waived.  We agree.

Under Code § 58.1-3983.1(G), which provides for judicial review of the Tax

Commissioner's determination by the circuit court, the party challenging the determination must

"show that the ruling of the Tax Commissioner is erroneous with respect to the part challenged."

Thus, in such proceedings, the circuit court acts in the role of an appellate court.  *Cf. French v.*

*Virginia Marine Res. Comm'n*, 64 Va. App. 226, 236, 767 S.E.2d 245, 251 (2015) (When

reviewing agency action under the Virginia Administrative Process Act ("VAPA"), a circuit

court's role is "equivalent to an appellate court's role in an appeal from a trial court.") (citation

---

[11] Verizon's appeal of Horbal's determination to the Tax Commissioner was timely filed within the 90-day period required by §58.1-3983.1(D)(1).  Horbal's argument is that the only avenue for appeal to the Tax Commissioner was through a local appeal of the tax assessment pursuant to Code § 58.1-3983.1(B)(1).  Horbal does not argue that the review of the 2008 and 2009 tax assessments was not properly before him since Code § 58.1-3980(A) (providing for application to local commissioner of revenue for correction of local tax assessment) permits an application for correction within three years from the last day of the tax year for which the assessment is made.  He argues, however, that because Verizon chose to proceed "exclusively under [Code] § 58.1-3983.1," instead of a direct appeal to the circuit court under Code § 58.1-3984, Verizon's local appeal was required to be filed within the time limitation set forth in Code §58.1-3983.1(B)(1).  And, according to Horbal, since only the local appeal of the 2010 tax assessment was filed within the time limitation set forth in Code § 58.1-3983.1(B)(1), the Tax Commissioner lacked jurisdiction to consider the appeals for the 2008 and 2009 tax assessments.

omitted); *Pence Holdings, Inc. v. Auto Center, Inc.*, 19 Va. App. 703, 707-08, 454 S.E.2d 732, 734-35 (1995) ("[U]nder the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal.") (citation omitted).

Similar to appeals from agency decisions under the VAPA, principles of procedural default, such as those protected by Rules 5:25 and 5A:18,[12] apply to determinations of the Tax Commissioner judicially challenged under Code § 58.1-3983.1(G). *See, e.g., French*, 64 Va. App. at 232 n.2 , 767 S.E.2d at 249 n.2 ("Principles of procedural default, analogous to those governed by Rule 5A:18, apply to agency decisions judicially challenged on appeal."); *Doe v. Virginia Bd. of Dentistry*, 52 Va. App. 166, 176, 662 S.E.2d 99, 104 (2008) (argument not raised until appeal to circuit court not preserved for appeal from agency decision); *Pence Holdings*, 19 Va. App. at 707, 454 S.E.2d at 734 (Under the provisions of the VAPA, an appellant "may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration."). Therefore, issues not argued in the proceedings before the Tax Commissioner under Code § 58.1-3983.1(D) may not be argued as a basis for reversal of the Tax Commissioner's determination in circuit court upon its judicial review under Code § 58.1-3983.1(G).

It is undisputed that the issue of the timeliness of Verizon's local appeal of the tax assessments for tax years 2008 and 2009 was not raised in the proceedings before the Tax Commissioner. Pursuant to Code § 58.1-3983.1(D)(3), the local commissioner of revenue or other assessing official is provided with "an opportunity to respond to the appeal [to the Tax

---

[12] Rules 5:25 and 5A:18 require preservation of issues for appellate review by this Court and the Court of Appeals respectively.

Commissioner]" and "participate in the proceedings." In fact, the County did submit a response to the Tax Commissioner in which it argued that Verizon's set top boxes are machines and, therefore, subject to local taxation. The issue of whether Verizon appealed the 2008 and 2009 tax assessments to Horbal within the time period provided for in Code § 58.1-3983.1(B), however, was not argued. Accordingly, that issue could not be raised for the first time in the proceedings for judicial review by the circuit court and argued by Horbal as a basis for reversal of the Tax Commissioner's determination.

Although Horbal argues that the time period for filing a local appeal provided for in Code § 58.1-3983.1(B) is a matter of subject matter jurisdiction that may be raised at any time, we do not agree. In *Board of Supervisors v. Board of Zoning Appeals*, 271 Va. 336, 343-48, 626 S.E.2d 374, 378-81 (2006), we distinguished between the element of subject matter jurisdiction, which can be raised at any point in the proceedings, and other elements of jurisdiction that are subject to waiver if not properly raised. More specifically, we explained that "in order for a court to have the power to adjudicate a particular case upon the merits, i.e., to have active jurisdiction, several elements are needed." *Id.* at 343, 626 S.E.2d at 379. Those elements include subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases, as well as territorial jurisdiction, notice jurisdiction, and other conditions of fact that constitute prerequisites of the authority of the court to proceed to judgment. *Id.* at 343-44, 626 S.E.2d at 379. We concluded that the 30-day filing requirement, set forth in Code § 15.2-2314,[13] for filing a petition for writ of certiorari to the circuit court seeking review of a decision of the board of zoning appeals was not an aspect of the circuit court's subject matter jurisdiction.

_____

[13] Code § 15.2-2314 states, in pertinent part, that "[a]ny person . . . aggrieved by any decision of the board of zoning appeals . . . may file with the clerk of the circuit court for the

Rather, the filing requirement was "an other jurisdictional element subject to waiver if not properly raised." *Id.* at 347-48, 626 S.E.2d at 381 (internal quotation marks omitted). Likewise, we conclude that the time period for filing a local appeal provided for in Code § 58.1-3983.1(B) is "an other jurisdictional element subject to waiver if not properly raised." *Id.*[14]

Because the issue regarding the timeliness of Verizon's local appeal under Code § 58.1-3983.1(B) was not preserved for review by the circuit court, the circuit court erred in ruling that Verizon was not entitled to refunds of the taxes paid for tax years 2008 and 2009.

### III.    CONCLUSION

For the foregoing reasons, we will affirm that part of the circuit court's judgment affirming the determination of the Tax Commissioner and ruling that Verizon's set top boxes are not subject to local taxation. We will reverse that part of the circuit court's judgment reversing the determination of the Tax Commissioner and ruling that Verizon is not entitled to refunds of

---

county or city a petition . . specifying the grounds on which aggrieved within 30 days after the final decision of the board."

[14] Horbal's reliance on *Town of Leesburg v. Loudoun National Bank*, 141 Va. 244, 126 S.E. 196 (1925) is misplaced. In *Loudoun National Bank*, the Court stated that an objection based on a "special limitation prescribed by the same statute which creates the right" was "jurisdictional" such that the "question may be raised for the first time in this court." *Id.* at 247, 126 S.E. at 197. To the extent that the Court's holding in *Loudoun National Bank* implied that a special limitation defect divested the lower court of subject matter jurisdiction, it was abrogated by Code § 8.01-235, enacted in 1977, which states that "[n]o statutory limitation period shall have jurisdictional effects" and that "[t]his section shall apply to all limitation periods, without regard to whether or not the statute prescribing such limitation period shall create a new right." The effect of Code § 8.01-235 was to remove jurisdictional considerations affecting subject matter jurisdiction from the application of statutory limitation periods. *See* W. Hamilton Bryson, Bryson on Virginia Civil Procedure § 6.03[8][k][ii], at 6-53 to 6-54 (4th ed. 2004) ("Before the enactment of § 8.01-235 in 1977, it was clear that a special statute of limitations was jurisdictional going to the subject matter jurisdiction of the court."). Furthermore, we have "revisit[ed] the term 'jurisdiction'" and distinguished between subject matter jurisdiction, which is not subject to waiver, and other elements of jurisdiction that may be waived if not raised by timely objection. *Board of Supervisors*, 271 Va. at 343-48, 626 S.E.2d at 378-81.

12

taxes paid for tax years 2008 and 2009.  Accordingly, we will enter final judgment in favor of Verizon on this issue.  Therefore, the judgment is affirmed in part and reversed in part, and the matter is remanded for the circuit court to direct the Commissioner of Revenue to issue refunds to Verizon for tax years 2008 and 2009 in addition to the refund for tax year 2010 that was upheld by the circuit court.

*Affirmed in part,
reversed in part,
and remanded.*