COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Friedman and Callins
Argued at Richmond, Virginia


NATIONAL PUBLIC RADIO, ET AL.

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1669-23-2                JUDGE RICHARD Y. ATLEE, JR.
                                                         FEBRUARY 4, 2025
VIRGINIA DEPARTMENT OF CORRECTIONS


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Claude V. Worrell, Jr., Judge

Lin Weeks (Gabriel Rottman; University of Virginia School of Law
First Amendment Clinic, on briefs), for appellants.

Margaret Hoehl O'Shea, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

Amici Curiae: The Associated Press; The Atlantic Monthly Group
LLC; Gannett Co., Inc.; Gray Media Group, Inc.; The Intercept
Media, Inc.; Lee BHM Corp.; The Marshall Project; The National
Press Club Journalism Institute; The National Press Club; The
New York Times Company; News/Media Alliance; ProPublica,
Inc.; Radio Television Digital News Association; Tegna Inc.; The
Virginia Coalition for Open Government; and WP Company LLC
(Alia L. Smith; Ballard Spahr LLP, on brief), for appellants.[1]


      This appeal concerns the meaning and application of an exception to the Virginia Freedom

of Information Act ("VFOIA").  Appellants include National Public Radio, Inc. ("NPR"), Chiara

Eisner, a reporter for NPR, and Ian Kalish, an instructor at the University of Virginia School of Law

First Amendment Clinic.  They challenge the circuit court's ruling dismissing appellants' case and

---

      * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

      [1]  The named organizations requested leave to collectively file a brief as amici curiae.
The Court grants this motion and has considered their brief in our consideration of this case on
appeal.

upholding the Department of Corrections' (the "DOC's") denial of their requests filed under VFOIA. Specifically, appellants argue that the circuit court misconstrued Code § 2.2-3706(B)(4), which exempts from mandatory disclosure "[a]ll records of persons imprisoned in penal institutions in the Commonwealth provided such records relate to the imprisonment." For the following reasons, we disagree with appellants' interpretation of the statute and affirm the circuit court.

## I. BACKGROUND

When researching in the Library of Virginia, Eisner, who was working for NPR, found four tapes containing recordings of the executions of Virginia death row inmates from between 1987 and 1990. NPR later published an article containing, among other reporting, the content of these audio recordings.[2] Following this story's publication, the DOC requested that the Library of Virginia return these recordings to the DOC, and the Library did so.

In October 2022, Eisner, on behalf of NPR, filed a VFOIA request with the DOC to release "tapes, audio, and other media recorded by staff during executions" of prisoners that the DOC carried out from 1990 to 2017.[3] The DOC denied the request, citing Code § 2.2-3706(B)(4), which exempts from mandatory disclosure under VFOIA "records of persons imprisoned in penal institutions in the Commonwealth provided such records relate to the imprisonment."[4] Eisner contacted the University of Virginia School of Law First Amendment

---

[2] Chiara Eisner, *Virginia Hid Execution Files from the Public. Here's What They Don't Want You to See*, NPR (May 11, 2023), https://www.npr.org/2023/05/11/1174343605/virginia-hid-execution-files-from-the-public-heres-what-they-dont-want-you-to-see [https://perma.cc/JAV6-TTYE].

[3] Virginia abolished the death penalty in 2021. 2021 Va. Acts Spec. Sess. I ch. 344-45 (effective July 21, 2021).

[4] The DOC additionally cited two other provisions as applicable to some of the responsive records: Code § 2.2-3705.5(1) (exempting "[h]ealth records, except that such records may be personally reviewed by the individual who is the subject of such records"); Code § 2.2-3705.1(1) (exempting "[p]ersonnel information concerning identifiable individuals").

Clinic, and Kalish, an instructor at the clinic, filed a subsequent VFOIA request, specifically addressing each of the exceptions cited by the DOC in its initial denial. The DOC replied that while it had found responsive records,[5] it would not disclose them and denied the VFOIA request, again invoking the exception under Code § 2.2-3706(B)(4).[6]

Appellants filed a petition for a writ of mandamus, challenging the DOC decisions in the circuit court. The four recordings that were previously available through the Library of Virginia, and now via NPR, were entered as evidence. The circuit court found that each requested "audio recording corresponds to the execution of one inmate. The narrations detail the execution as it is happening, beginning when the witnesses enter the room adjoining the execution chamber, and ending after time of death is announced." Accordingly, the circuit court held that these records fell within Code § 2.2-3706(B)(4), concerning "records of persons imprisoned," and it was within the DOC's discretion whether to release them. It further held that redaction was not required because the entirety of audio tapes fell within that exemption. It therefore denied the appellants' writ of mandamus, therefore upholding the DOC's withholding of the records. This appeal followed.

## II. ANALYSIS

"Whether documents . . . should be excluded under [VFOIA] is a mixed question of law and fact." *Hawkins v. Town of S. Hill*, 301 Va. 416, 424 (2022) (alterations in original) (quoting *Virginia Dep't of Corr. v. Surovell*, 290 Va. 255, 262 (2015)). "[W]e give deference to the trial

---

[5] The DOC response initially said it had identified 10 cassette tapes and 25 microcassette tapes, collectively containing audio recordings from 30 "execution files." This was later amended, leading the circuit court to find there were 11 cassette tapes and 25 microcassette tapes, documenting 31 executions.

[6] In addition to the previously-cited exemptions, this second denial additionally referenced Code § 2.2-3705.2(14) (excluding records from mandatory disclosure where it "would jeopardize the safety or security of any person; governmental facility, building, or structure or persons using such facility, building, or structure").

court's factual findings and view the facts in the light most favorable to the prevailing part[y]." *Id.* (alterations in original) (quoting *Surovell*, 290 Va. at 262). Concerning "issues of statutory interpretation and a circuit court's application of a statute to its factual findings," we review those holdings de novo. *Id.* (quoting *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 636 (2020)).

Appellants' primary argument is that the circuit court erred in finding that the audio recordings responsive to their VFOIA requests fell within a statutory exemption under VFOIA. Code § 2.2-3706 lays out, among other things, records that the DOC is required to release, those that it is prohibited from releasing, and those which it may, in its discretion, release. As relevant here, Code § 2.2-3706(B) sets forth a list of "[d]iscretionary releases," which includes the provision at issue on appeal: "[a]ll records of persons imprisoned in penal institutions in the Commonwealth provided such records relate to the imprisonment." Code § 2.2-3706(B)(4). Appellants argue that the audio recordings of the executions are not records "of" the imprisoned persons, and thus the exemption ought not apply.

The crux of the disagreement between the parties largely lies in what "of" denotes in "[a]ll records of persons imprisoned" under Code § 2.2-3706(B)(4). Citing other exemptions under VFOIA, appellants argue that within the Act, "of" generally denotes "records created or controlled by a specific public body, not any record that merely relates to that public body," and they argue for that usage and application here. Accordingly, they argue, only those records "created or controlled by inmates themselves" should fall under Code § 2.2-3706(B)(4). We disagree.

"Of" has many uses aside from the one appellants favor. It is broadly "used to indicate relationships," which includes meaning "connected with" or "referring to." *Of*, *The Oxford Large Print Dictionary* (Elaine Pollard; Helen Liebeck eds., 2d ed. 1995); *see also Of*, *Merriam-Webster Collegiate Dictionary* (11th ed. 2004) (including in its definitions "relating to"

or "about"). Here, the recordings can fairly be described as being "of" an incarcerated person, as each recording is specific to one inmate, and the DOC created and maintains these recordings solely to document that inmate's execution. Indeed, appellants' VFOIA request is, almost by definition, a request for records of imprisoned persons. Neither party disputes that the recordings describe and relate to the final moments of the inmate's incarceration, which includes the moments up to and including their execution. Critically, this interpretation also leads to a more logical meaning than the possessory one appellants advocate for. Were we to accept appellants' argument, it is unclear what, if any, records would qualify as falling within Code § 2.2-3706(B)(4), given that VFOIA applies only to public records, meaning those "prepared or owned by, or in the possession of a public body or its officers, employees, or agents in the transaction of public business." Code § 2.2-3701. "Every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." *Davis v. MKR Dev., LLC*, 295 Va. 488, 494 (2018) (quoting *City of Richmond v. Va. Elec. & Power Co.*, 292 Va. 70, 75 (2016)). Given that VFOIA is concerned only with records prepared, owned, or possessed by public bodies, it would be peculiar to read the exemption at issue here to deal only with records created or controlled by inmates; therefore, we decline to do so.

In support of their argument, appellants also emphasize that VFOIA states that its provisions "shall be liberally construed," and "[a]ny exemption from public access to records or meetings shall be narrowly construed and no record shall be withheld . . . unless specifically made exempt pursuant to this chapter." Code § 2.2-3700(B). They argue that the circuit court's interpretation violates this provision. Yet this argument fails here because, as explained above, the records sought here were "specifically made exempt," *id.*, under Code § 2.2-3706(B)(4). Therefore, the guidance on statutory construction of the Act upon which appellants rely does not apply.

Appellants also question the validity of the DOC's stated policy justifications for its denial, yet these reasons are not pertinent to this Court's review. Because the records fall within the exemption under Code § 2.2-3706(B)(4), it was left to the DOC's discretion whether to release them. It has declined to do so, as provided for in the Act, and any additional arguments as to whether policy or logic justify that decision are superfluous because the records fall within the scope of the exemption. While appellants (and their amici) argue strenuously for the policy justifications to support the disclosure of these audio recordings, this is not an element in our review of a VFOIA denial, having already found that the records fall within an exemption.

In the remaining assignments of error, appellants argue that the circuit court erred in its factual findings because these "involved contested fact issues on which the Court did not hear evidence."[7] Although it is not clear from the assigned error's phrasing, this is largely an argument that the circuit court erred in not reviewing the withheld audio recordings and determining if redaction of certain information in the recordings was an available or appropriate option. We disagree. First, the circuit court was able to review four available recordings of executions, and, from those, could have reasonably inferred that the remaining requested recordings would be similar in nature and therefore fall within the Code § 2.2-3706(B)(4) exemption. Second, the DOC, in its motion to dismiss appellants' petition, attached two sworn

---

[7] We assume, without deciding, that appellants' remaining arguments are preserved. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling," and "[a] mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review."); Rule 5A:20(c)(2) ("An assignment of error . . . which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient."); Rule 5A:20(e) ("With respect to each assignment of error, the standard of review and the argument—including principles of law and the authorities—must be stated in one place and not scattered throughout the brief."). We do so because "Virginia law's preference [is] predicating the exercise of judicial power upon the best and narrowest grounds available." *Butcher v. Commonwealth*, 298 Va. 392, 398 n.7 (2020); *see also Commonwealth v. White*, 293 Va. 411, 419 (2017) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'").

affidavits from DOC employees, stating, inter alia, that they had listened to the recordings and that those recordings described "actions and movements of the inmate," "factual narration of the execution as it is happening," as well as inmates' voices and names of DOC employees and attending physicians. We review such factual findings deferentially, and only find error when a finding is "plainly wrong or without evidence to support" it. *D'Ambrosio v. D'Ambrosio*, 45 Va. App. 323, 335 (2005) (quoting *Wheeler v. Wheeler*, 42 Va. App. 282, 288 (2004)). This is not the case here, given that the circuit court was able to review representative recordings, as well as the signed and notarized affidavits from individuals who reviewed and assessed the entirety of the responsive audio recordings. These findings were not, as appellants contend, a "conclusion [that] is directly contradicted by the record," nor did the circuit court "fail[] to require that VADOC make any evidentiary showing at all." Therefore, because the circuit court's findings were not plainly wrong or lacking any evidentiary support, we cannot say the circuit court erred.

Finally, appellants argue that the circuit court ought to have required the DOC to provide redacted versions of the withheld recordings under Code § 2.2-3704.01.[8] Yet the circuit court expressly found that the entirety of each audio recording and narration related to the imprisonment

---

[8] Code § 2.2-3704.01 provides:

> No provision of this chapter is intended, nor shall it be construed or applied, to authorize a public body to withhold a public record in its entirety on the grounds that some portion of the public record is excluded from disclosure by this chapter or by any other provision of law. A public record may be withheld from disclosure in its entirety only to the extent that an exclusion from disclosure under this chapter or other provision of law applies to the entire content of the public record. Otherwise, only those portions of the public record containing information subject to an exclusion under this chapter or other provision of law may be withheld, and all portions of the public record that are not so excluded shall be disclosed.

of an inmate, and thus fell within the scope of the exemption under Code § 2.2-3706(B)(4). Once again, based on the record before us, we cannot say that this factual finding is plainly wrong or lacking evidentiary support, and, accordingly, affirm the circuit court's ruling that redaction was not required.[9]

### III. CONCLUSION

We find no error in the circuit court's ruling that the records withheld here fall within the ambit of Code § 2.2-3706(B)(4) as "records of persons imprisoned" that "relate to the imprisonment." Accordingly, we affirm the circuit court's upholding of the DOC's denial of appellants' VFOIA requests. We also deny appellants' request for attorney fees and costs. Code § 2.2-3713(D) (providing for an award of fees and costs only "[i]f the court finds the denial to be in violation of the provisions of this chapter").

*Affirmed.*

---

[9] To the extent we have not done so already, we decline to address appellants' sweeping final assignment of error, which states:

> Given the above errors and Appellee's burden of establishing by a preponderance of evidence that records responsive to Appellants' request are subject to an asserted statutory exemption to VFOIA, Va. Code § 2.2-3713(E), the Circuit Court erred by denying Appellants' Petition and dismissing the case without finding that Appellants' rights under VFOIA had been violated, that the requested records must be provided to Appellants, and that Appellants are entitled to reasonable costs and attorneys' fees pursuant to Va. Code § 2.2-3713(D).

This assignment of error essentially states that the circuit court erred in *every* respect below, and thus it is not reviewable under Rule 5A:20(c)(2) ("An assignment of error . . . which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient."). On brief, appellants appear to use this assignment of error as a vehicle to argue why other VFOIA exceptions cited by the DOC also would not apply to the records withheld here. But we will not find that this substantially more specific argument falls within this assigned error, solely because appellants have phrased it so broadly such that nearly *any* argument would fall within its scope, and that is precisely what Rule 5A:20 prohibits.